**Donald Joseph BATTIG et al., Plaintiffs-Appellants,**

**v.**

**The HARTFORD ACCIDENT AND INDEMNITY COMPANY et al., Defendants-Appellees.**

**No. 77–3325.**

United States Court of Appeals, Fifth Circuit.

Dec. 5, 1979.

Rehearing Denied Jan. 16, 1980.

Walter C. Dunn, Jr., Burt W. Sperry, L. Michael Ashbrook, Monroe, La., Greenfield, Davidson, Mandelstamm & Voorhees, Robert M. Hamlett, St. Louis, Mo., for plaintiffs-appellants.

Dan E. Melichar, Alexandria, La., for Diocese of Alexandria.

Chris J. Roy, Alexandria, La., for defendants-appellees.

Before BROWN, Chief Judge, JONES and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The facts of this case are set forth in the opinion of the trial court, *Battig v. Diocese of Alexandria*, W.D.La.19—. The plaintiff contends that he did not abandon his claim for breach of contract. The trial court was in the best position to determine whether this contention, made in the complaint, had been eliminated in the annealing and tempering process of its pre-trial procedure. We, therefore, cannot say it was in error.

 Nonetheless we have carefully examined the contract clause[1] that it is asserted the defendant breached. The plaintiff's contention is that the clause imposed an affirmative obligation on the Diocese to provide medical attention only at the direction of a physician, and that he should be given a chance to prove that this duty was breached. No extrinsic evidence was offered to support this interpretation and we, therefore, read only the plain words of the contract, unadorned by testimony of collateral understandings, past practices or custom. To us they do not carry the import suggested by the plaintiffs; they say simply that, if St. Mary's finds it necessary, it may engage the services of a physician to provide medical care for one of its students. The meaning attributed to the words by the plaintiff is not impossible, but it is implausible. In Louisiana a contract is to be read according to its plain intendment. La.Civ. Code Ann. arts. 1945, 1946 (West). Absent latent or patent ambiguities, the meaning of a contract is for the court as a matter of law. *Freeman v. Continental Gin Co.,* 5 Cir. 1967, 381 F.2d 459.

 We conclude that the words alone do not carry the message that would support the claim for breach of contract now made. The tort claim is prescribed for the reasons set forth by the experienced trial judge in his discussion of the applicable principles of Louisiana law.

For these reasons, the judgment is AFFIRMED.

---

1. The clause in question stated:
   VIII. St. Mary's reserves the right to provide medical, dental, or nursing care as directed by a physician or dentist, be it in the school clinic or in the hospital, and such emergency treatment, including surgery, as may be deemed necessary.