DOUCET, Judge.
Robert K. Freeman brought this suit to recover damages resulting from the construction of a sewer line by the Town of Many. He named as defendants the Town of Many, Homer 0. Byers, the general contractor for the project, and Wayne Construction & Utility Company, the subcontractor that installed the line.[1] The Town of Many filed a third party demand against the contractor and subcontractor, seeking indemnification for any judgment rendered against it. Following a trial, judgment was rendered in favor of plaintiff and against Homer 0. Byers in the sum of $1,624.40. Plaintiff’s demand against the Town of Many and the Town’s third party demand were dismissed. From that judgment, Byers appeals.
The facts are not in dispute. In the mid-1970’s the Town of Many initiated a project to expand its sewer system. After drawing up plans and specifications for the project, the Town entered into a contract with Homer O. Byers, a general contractor. Byers agreed to complete the planned construction according to the terms of the contract for the sum of $620,722.74. Byers in turn engaged a subcontractor, Wayne Construction & Utility Company, to perform the actual construction of the sewer lines.
The Town obtained a servitude from plaintiff, allowing it to lay a sewer line across his property. Subsequently, employees of the subcontractor went onto plaintiff’s property and dug ditches in which *695 they installed the line. In the process of doing so, they severed the roots of two large oak trees, which eventually died. When they initially attempted to fill the ditches, they also broke a water line. The water supply to plaintiff’s residence was interrupted for five days before the line was repaired, and the filling operations were not resumed until three or four months later. One of the ditches that remained open during the interim was located near plaintiff’s residence. It was approximately four hundred feet long and six to seven feet deep.
The trial judge found that the damage caused by the loss of the trees, the interruption of the water supply to plaintiff’s residence, and the failure to fill the ditches within a reasonable time resulted from the negligent acts of the subcontractor. He concluded that Byers was liable for that negligence under certain provisions of his contract with the Town, which operated in plaintiff’s favor.
On appeal, Byers argues that the trial judge erred in finding that the subcontractor was negligent, and in finding that he is liable to plaintiff under the contract. Alternatively, he argues that if he is liable, the Town should be held solidarily liable with him.
Byers’ contract with the Town of Many required him to take all necessary precautions to prevent damage to property adjacent to the construction site, such as trees, shrubs and utilities. [Contract, § 11.-1] He was obligated to locate subsurface obstructions, such as water lines, and exercise care in order to prevent damage to them. In the event that any public or private structure or utility was damaged in the course of his work, he was obligated to immediately repair it, or have it repaired at his own cost. [Contract, § 17-01(f)] He was also required by the contract to open no more than 100 feet of trench in advance of the pipe laying, unless he was permitted to do so by the project engineer, and in no case was a ditch to be left open overnight. [Contract, § 17 — 06(c)]
The trial judge correctly concluded that these provisions constituted stipulations pour autrui in plaintiff’s favor. LSA-C.C. Art. 1890; Hargroder v. Columbia Gulf Transmission Co., 290 So.2d 874 (La.1974); Andrepont v. Acadia Drilling Co., 255 La. 347, 231 So.2d 347 (1969). The servitude agreement provided that the Town would be liable to plaintiff for damages arising out of its exercise of the servitude. Byers’ promise to satisfy the above conditions served to protect the town from this liability. Andrepont v. Acadia Drilling Co., supra.
The trial court was also correct in concluding that the subcontractor’s performance, which Byers was responsible for under § 6-10 of his contract, fell short of fulfilling these conditions. We note that Byers has argued that the damage to plaintiff’s trees was unavoidable, because he was obligated under his contract to lay the lines where he did. However, we find no evidence in the record to support his allegations that he followed the course designated by the project engineer, and that doing so necessitated severing the roots of the trees.
In view of the above, we conclude that Byers’ contract with the Town provided a proper basis for the judgment rendered against him. We therefore find it unnecessary to discuss the negligence issue, which he has raised.
The only remaining issue is whether the judgment should be amended to hold the Town of Many solidarily liable with Byers. Plaintiff has neither appealed, nor answered the appeal, requesting such relief, and we find that our granting it would not benefit Byers. His breach of his contractual obligations would entitle the Town to indemnification on its third party demand against him. We therefore reject his alternative demand for an amendment to the judgment.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendant-appellant, Homer O. Byers.

AFFIRMED.

. Wayne Construction & Utility Company is not a party to this suit, however, because citation and service of process were never made on it.