423 So.2d 1260 (1982)
William Rocky KEMP
v.
Hadley HUDNALL and Clinton Construction Company.
No. 82 CA 0040.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
Rehearing Denied January 14, 1983.
J. Arthur Smith, III, Baton Rouge, for plaintiff-appellant.
Brent F. Kinchen, Baton Rouge, for defendants-appellees.
Before PONDER, SAVOIE and ELLIS, JJ.
*1261 SAVOIE, Judge.
Plaintiff-appellant appeals the jury's verdict failing to award him damages in tort. We reverse in part and affirm in part.
The damages claimed arose when defendants-appellees failed to compensate appellant when appellees severed a water line to appellant's store. Appellant claims the severing of the water line caused the heating element of his hot water heater to burn out. Additionally, while attempting to repair the hot water heater in his loft, appellant fell from the ladder and sustained a back injury. Claim for compensation is made for both the burned-out heating element and the back injury.
Appellant assigns as error, the trial court's: (1) submission to the jury, a question of the legal effects of an unambiguous contract, (2) failure to instruct the jury that the City of Clinton, through its agent, Clinton Construction Company, was strictly liable for appellant's injury, and (3) allowing the jury's legally and factually incorrect verdict to stand.
Appellant has based his cause of action in both contract and tort. Clinton Construction Company entered into a contract with the City of Clinton, Louisiana, to adjust water and gas utility lines in preparation for the widening of a road. The specifications and contract documents called for, in part, as follows:
"The existence and location of underground utilities indicated on the Drawings are not guaranteed and shall be investigated and verified in the field by the CONTRACTOR before starting work. Excavation in the vicinity of existing structure or utilities shall be carefully done by hand. The CONTRACTOR shall be held responsible for any damage to and the maintenance and protection of existing facilities and structures. (See Division II, Special Conditions, II.6, Existing Utilities and Structures, p. II-3). (Emphasis added).
"During the excavation, pipe laying and backfilling operations, the CONTRACTOR shall take particular care not to damage, injure, disturb nor undermine any subsurface pipes, structures or conduits. The CONTRACTOR shall notify the interested party, as owner of the pipe, conduit, structure, etc. of his intention to disturb the obstruction. He shall abide by the regulations and instructions of the interested party in disturbing or passing, the prosecution of the work, and the CONTRACTOR shall immediately notify proper authorities and shall be responsible for all damage done to property or persons resulting from breaks or damage to the sub-surface structure, pipe, conduit, etc." (Division III, Methods of Construction, I.3.9, Underground Obstructions, pp. 1-11). (Emphasis added).
The Contractor was required to purchase and maintain insurance sufficient to protect him from claims for damages due to bodily injury or destruction of tangible property.
Our Supreme Court stated in Turregano v. Barnett, 127 La. 620, 53 So. 884 (1910), that the terms of a particular contract are a question of fact. However, whether that contract as made establishes a relationship between parties is a question of law. Federal Courts expounding on this idea have held that absent latent or patent ambiguities in a contract, the meaning of such contract is for the court to determine (i.e. a matter of law). Battig v. Hartford Accident & Indemnity Co., 608 F.2d 119 (5th Cir.1979). Contracts, subject to interpretation from the four corners of the instrument, without necessity of extrinsic evidence, are to be interpreted as a matter of law. Wilson v. Cost + Plus of Vivian, Inc., UDS, 375 So.2d 683 (La.App.2d Cir.1979).
In this instance, there has been no claim of contractual ambiguity or intent. Such issues would require a jury determination. Turregano, supra. The trial court was clearly wrong in allowing the jury to determine if the contract provided for a stipulation pour autrui. As its determination is a matter of law, the issue is whether the contract was a stipulation pour autrui.
Professor J. Denson Smith, in his discussion of third-party beneficiary contracts in Louisiana, stated:

*1262 "In fine, in undertaking to determine whether an advantage for a third party has been provided by a contract between others, the following factors are important: (1) the existence of a legal relationship between the promisee and the third person involving an obligation owed by the promisee to the beneficiary which performance of the promise will discharge; (2) the existence of a factual relationship between the promisee and the third person, where, (a) there is a possibility of future liability either personal or real on the part of the promisee to the beneficiary against which performance of the promise will protect the former; (b) securing an advantage for the third person may beneficially affect the promisee in material way; (c) there are ties of kinship or other circumstances indicating that a benefit by way of gratuity was intended." Smith, Third-Party Beneficiaries in Louisiana: The Stipulation Pour Autrui, 11 Tul.L.Rev. 18, 58 (1936).
In Freeman v. Town of Many, 394 So.2d 693 (La.App. 3rd Cir.1981), writ denied, 399 So.2d 598 (La.1981), the court had an opportunity to reflect on Professor Smith's requirements for finding a stipulation pour autrui. In Freeman, supra, contract provisions required precautions be made to prevent damage to property by exercising care in locating sub-surface obstructions and preventing damage to them. The Contractor was also obligated to immediately repair or have repaired at his cost, any damage done during the course of his work. This contract to construct sewer lines resulting in damages to the plaintiff was held to constitute a stipulation pour autrui.
In the present case, the Contractor is under the same requirements. Under Freeman's logic, the contract should, as a matter of law, be considered a stipulation pour autrui. The contract was to provide increased services (i.e. a wider road and new water pipe) for the citizens of the city. Contractually, the Contractor is responsible for any damage to existing utilities and structures. Under a stipulation pour autrui, appellees should be liable for damages directly related to their contractual liability. This liability extends only to the cost of the heating element.
At trial, testimony expanded appellant's claim to include one of negligence. In determining liability under negligence or strict liability, the initial question is one of cause-in-fact. "But for" appellees' severing of the water line, would appellant have sustained the injuries claimed? We need not discuss liability of the Contractor as to the heating element, finding liability as per stipulation pour autrui. However, appellant's claim for back injuries fails to withstand a duty-risk analysis. It cannot be said that appellant would not have fallen from the ladder "but for" appellees' severing of the water line. Appellant testified he did not know why or how he fell. Absent any cause-in-fact relationship between the severing of the water line and the back injuries sustained, appellant's claim for compensation is untenable.
For the foregoing reasons, the judgment of the trial court denying compensation for the heating element is reversed and appellant is awarded $4.64 for such loss. As to all other issues, the judgment of the trial court is affirmed. Plaintiff-appellant is to pay all costs below and one-half of the costs of this appeal. Defendants-appellees are to pay one-half of the cost of this appeal.
REVERSED IN PART AND AFFIRMED IN PART.