591 So.2d 1184 (1991)
Charles Robert CARTER
v.
BRMAP, et al.
No. 90 CA 1153.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
Rehearing Denied January 22, 1992.
*1185 Roy Maughan, Jr., Baton Rouge, for plaintiff-appellant Charles Robert Carter.
Robert Leake, in pro. per.
Lawrence Anderson, Baton Rouge, for Winston and Patricia Riddick.
Michael Patterson, Baton Rouge, for defendant-appellee Janis Long, As administratrix of Succession of Gillis Long.
Ralph Brewer, Baton Rouge, for defendant-appellee Abram P. Miller, Paul L. Miller, Marilyn Erwin and Thomas Morgan, III.
Before COVINGTON, C.J., and SHORTESS, LANIER, CRAIN and LeBLANC, JJ.
LANIER, Judge.
This action is a suit in contract on a promissory note secured by a mortgage on property owned by BRMAP, a partnership in commendam. Charles Robert Carter (plaintiff) is the holder of the note and brought suit against BRMAP and various individuals alleged to be BRMAP's general partners (defendants).[1] Robert Leake, Janis Catherine Long as Administrator of the Estate of Gillis Long, Abram P. Miller, Paul L. Miller, Marilyn H. Erwin, and Thomas O. Morgan, III (the limited partners) filed a motion for summary judgment asserting they were limited partners (and not general partners) and they should be dismissed from the suit. The trial court granted the summary judgment. Plaintiff took this devolutive appeal.

*1186 GENERAL FACTS
On December 30, 1983, BRMAP was formed. Originally, Gerald and Ruth Weaver (Weavers), Riddick Investments, LTD., Winston Riddick, and Patricia Riddick served as its general partners. Marilyn H. Erwin, Robert S. Leake, Abram P. Miller, Paul Miller, Thomas O. Morgan, III and Gillis W. Long, along with others not relevant to this case, chose to invest in BRMAP as limited partners. On March 1, 1984, the partnership acquired the property that forms the basis of this suit in a "Sale With Assumption of Mortgage" and agreed to pay the balance due on a certain promissory note executed by the seller of the property in favor of plaintiff. On October 1, 1984, the Weavers transferred and conveyed all of their partnership interest to Erwin, Leake, A. Miller, P. Miller, Morgan, Long, W. Riddick and Riddick Investments, Ltd. The October 1, 1984 sale of partnership interest provided the sale was "subject to the liabilities of said partnership, which liabilities the same transferee assume, and insofar as the Seller is concerned, the Transferees are hereby bound and obligated to hold Seller harmless against any of said liabilities." Subsequently, BRMAP defaulted on the note and plaintiff filed this suit.

PROPRIETY OF SUMMARY JUDGMENT
Plaintiff asserts four assignments of error. First, the trial court erred in not finding the purchasers of the general partners' partnership interest assumed the status of a general partner. Second, the trial court erred in dismissing the purchasers of a general partners' interest when the purchasers assumed the general partners' existing indebtedness, which remains unpaid. Third, the trial court erred in not finding the language of the assumption agreement between the defendants/appellees and the Weavers a "stipulation pour autrui" in favor of appellant. Finally, the court erred by dismissing the defendants/appellees when they contracted to hold the Weavers harmless from the payment of partnership debts. The plaintiff does not assign as error that there are disputed issues of material fact which preclude the granting of a summary judgment.
Defendants contend the trial court correctly granted the motion for summary judgment. First, defendants assert there is no such thing as a discrete general partnership interest of which ownership carries liability to third persons without additional acts, such as active management of the partnership; liability is based on the role the partner plays in the partnership and not the interest he has acquired. Second, defendants claim the uncontroverted evidence proves the partners intended only to assume the outstanding credit portion of the Weavers' contribution to the partnership and the limited partners did not intend to assume all of the Weavers' liabilities. Third, defendants contend the evidence submitted by them proves that the agreement is not a stipulation pour autrui because the parties did not intend to grant an advantage to a third person. The limited partners only intended to assume the unpaid credit portion of the Weavers' contribution to the partnership. Finally, the defendants suggest they intended to hold the Weavers harmless for only the unpaid credit portion of their partnership contribution and not for any other potential liability.

General Law Applicable to Motions for Summary Judgment
The law on summary judgments applicable to this case is stated in Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 383-385 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991) as follows:
LSA-C.C.P. art. 966 provides, in pertinent part:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed....
B.... The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if *1187 the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

LSA-C.C.P. art. 967 provides, in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein....
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
. . . . .
It is well settled that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.... The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted.... Under LSA-C.C.P. art. 967, an adverse party may not rest upon the mere allegations or denials in his pleadings when a motion for summary judgment is made and supported by affidavits....
On motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact; if they are not sufficient, summary judgment should be denied. It is only if they are sufficient that the burden shifts to the opposing party to present evidence that a material fact is still at issue; only at this point may the adverse party no longer rest on the allegations contained in his or her pleadings....
In certain instances, the failure of an adverse party to file counter-affidavits does not automatically entitle the moving party to summary judgment.... However, if the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, it is incumbent upon the adverse party to set forth specific facts showing that there is a genuine issue for trial....
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover.... In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. (Citations omitted; emphasis added)
Law Controlling the Interpretation of Contracts
This case involves the proper interpretation of various contracts. Contracts have the effect of law on the parties thereto and must be performed in good faith. La.C.C. art. 1983. Interpretation of a contract is the determination of the common intent of the parties. La.C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the intent of the parties. La.C.C. art. 2046. Conversely, when the terms of a contract are susceptible to more than one interpretation, it is ambiguous and parol evidence may be used to show the true intent of the parties and various rules of interpretation become applicable. La.C.C. arts. 2045 et seq.; Dixie Campers, Inc. v. Vesely Company, *1188 398 So.2d 1087 (La.1981). Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract. La. C.C. art. 2048. A provision susceptible of different meanings must be interpreted with a meaning that renders its effective and not with one that renders it ineffective. La.C.C. art. 2049. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La.C.C. art. 2050. A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties. La.C.C. art. 2053. In case of doubt that cannot be otherwise resolved, a contract must be interpreted against the obligee and in favor of the obligor of a particular obligation; however, if the doubt arises from lack of a necessary explanation that one party should have given, or from negligence or fault of one party, the contract must be interpreted in a manner favorable to the other party whether obligee or obligor. La.C.C. art. 2057. See Myers v. Myers, 532 So.2d 490 (La.App. 1st Cir. 1988).
Pursuant to La.C.C.P. art. 966, motions for summary judgment are designed to decide questions of law; if there are disputed issues of material fact, summary judgment is not appropriate. Whether a contract is ambiguous or not is a question of law. Borden, Inc. v. Gulf States Utilities Company, 543 So.2d 924 (La.App. 1st Cir.), writ denied, 545 So.2d 1041 (La.1989); Aycock v. Allied Enterprises, Inc., 517 So.2d 303 (La.App. 1st Cir.1987), writs denied, 518 So.2d 512, 513 (La.1988). Accordingly, in a motion for summary judgment, the court may determine (as a matter of law) whether or not a contract is ambiguous. The contract at issue herein is ambiguous. Because the contract is ambiguous, parol evidence may be used to show the true intent of the parties. The limited partners filed affidavits and other documentary evidence to show the true intent of the parties to the contracts. The affidavits of Robert Leake and Ruth Weaver show that the parties to the questioned contract are in agreement concerning their common intent. The plaintiff, Carter, was not a party to the questioned contract and filed no affidavits or other documentary evidence that show a factual dispute concerning the intent of the parties.

Propriety of Summary Judgment When the Intent of the Parties to an Ambiguous Contract is Undisputed
When the words of a contract are clear, unambiguous, and lead to no absurd consequences, the contract is interpreted by the court as a matter of law. La.C.C. art. 2046; Dugas v. Modular Quarters, Inc., 561 So.2d 192 (La.App. 3rd Cir.1990); Kemp v. Hudnall, 423 So.2d 1260 (La.App. 1st Cir.1982), writ denied, 428 So.2d 474 (La.1983); Wilson v. Cost + Plus of Vivian, Inc., UDS, 375 So.2d 683 (La.App. 2nd Cir.1979). When a contract is to be interpreted by the court as a matter of law, a motion for summary judgment is a proper procedural vehicle to present the question to the court. La.C.C.P. art. 966(B); Brown v. Mayfield, 488 So.2d 322 (La.App. 3rd Cir.1986); Sally Beauty Company v. Barney, 442 So.2d 820 (La.App. 4th Cir.1983); Roos v. Dale, 234 So.2d 489 (La.App. 3rd Cir.), application denied, 256 La. 617, 237 So.2d 398 (1970). Thus, trial and appellate courts routinely interpret insurance contracts on motions for summary judgment.
However, if a court determines as a matter of law that a contract is ambiguous, then extrinsic (parol) evidence may be used to determine the true intent of the parties, and determining the intent of the parties becomes, in part, a question of fact. In this posture, the granting of a summary judgment is appropriate only if "there is no genuine issue as to material fact ..." La. C.C.P. art. 966(B).
La.C.C.P. art. 967 provides that an affidavit used in a motion for summary judgment "shall set forth such facts as would be admissible in evidence". Article 967 does not distinguish between objective or subjective facts, or between direct or *1189 circumstantial evidence. As a general rule, a motion for summary judgment "... is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith." (Emphasis added). Penalber v. Blount, 550 So.2d 577, 583 (La.1989). Thus, in motions for summary judgment where a contract is ambiguous and the intent of the parties becomes a question of fact, very often there are conflicting affidavits concerning the intent of the parties and granting a summary judgment is not appropriate. See, for example, Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981); Liem v. Austin Power, Inc., 569 So.2d 601 (La.App. 2nd Cir.1990).[2] However, even though granting a summary judgment based on an intent issue may be rare, it can be done when there is no issue of material fact concerning the pertinent intent. In Simoneaux v. E.I. DuPont De Nemours and Company, Inc., 483 So.2d 908 (La.1986), the plaintiffs alleged a cause of action under the intentional act exception of the Louisiana Workers' Compensation law. The defendant-employer filed a motion for summary judgment and attached thereto an affidavit that showed no intentional act by the employer or its employees. The trial court granted summary judgment, and the court of appeal reversed and remanded. The Louisiana Supreme Court granted certiorari, reversed the court of appeal and reinstated the trial court judgment. In Simoneaux, 483 So.2d at 912-913 the court observed, in pertinent part, as follows:
Summary judgment is an appropriate method for disposing of a case wherein intent is a critical question.
. . . . .
The defendants responded with an affidavit that specifically rebutted the charge that du Pont officials intended or knew to a substantial certainty that the explosion would occur. When a motion for a summary judgment has been filed and supported by evidence, the adverse party may no longer rely on the mere allegations or denials of his pleading, but through affidavits or otherwise must set forth evidence demonstrating there is a genuine issue for trial. The plaintiffs' response to the du Pont affidavit, through affidavits of their own, did little more than argue that questions of fact existed. No further facts surrounding the du Pont officials' knowledge were alleged.
When the evidence submitted on the motion leaves no relevant, genuine issue of fact, and when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, a motion for summary judgment should be granted.... In this case, based only on conclusory statements of the plaintiffs, to find that genuine issues of fact remained, reasonable minds would have to find that du Pont officials intended or knew to a substantial certainty that the chloroprene unit would explode and cause serious harm. This is not a reasonable conclusion.
(Citation omitted).
See also, Fabre v. Kaiser Aluminum & Chemical Corporation, 499 So.2d 1239 (La.App. 4th Cir.1986).
La.C.C.P. arts. 966 and 967 are based on Fed.Rules Civ.Pro.Rule 56. See Official Revision Comments for La.C.C.P. arts. 966 and 967. Because Articles 966 and 967 governing motions for summary judgment are based on Rule 56, decisions of federal courts interpreting Rule 56 can be used by Louisiana courts to interpret Articles 966 and 967. Scott v. Hospital Service District No. 1 of Parish of St. Charles, 496 So.2d 270 (La.1986); Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3rd Cir.), writ refused, *1190 249 La. 724, 190 So.2d 236 (La. 1966).[3] A review of the current federal jurisprudence concerning summary judgments where intent is the principal issue shows that such summary judgments are not precluded as a matter of law; rather, they depend on the particular facts presented in the documentary evidence accompanying the motion. In Medina-Munoz v. R.J. Reynolds Tobacco Company, 896 F.2d 5, 8 (1st Cir.1990), the court observed that "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." The prevailing federal jurisprudence in this area of the law is set forth in Citizens Bank of Clearwater v. Hunt, 927 F.2d 707, 711 (2nd Cir.1991) as follows:
To succeed on this claim at trial, Citizens would have to demonstrate that both parties to the transaction had fraudulent intent.... The intent of the parties to the transaction "is purely a question of fact." ... Ordinarily, such issues are inappropriate for summary judgment.... However, "the mere incantation of intent or state of mind [does not] operate as a talisman to defeat an otherwise valid [summary judgment] motion."... Rather, "[t]he state of mind exception... is appropriate only where solid circumstantial evidence exists to prove plaintiff's case."
(Citations omitted; bracketed material in original)
In Corrugated Paper Products, Inc. v. Longview Fibre Co., 868 F.2d 908 (7th Cir. 1989), the plaintiff alleged it was a third-party beneficiary (stipulation pour autrui) of a contract for the sale of used industrial equipment. The defendant moved for summary judgment on the ground that the depositions of the agents of the contracting *1191 parties showed that the contracting parties did not intend for the plaintiff to be a third-party beneficiary. The trial court granted the summary judgment. The court of appeal affirmed with the following rationale:
Certainly, in cases where the defendant's motive or state of mind is an essential element of a plaintiff's case, a court must be circumspect in granting summary judgment based solely on the defendant's categorical denial that the requisite mental state existed.... ("When the issue is one of intent, we approach the application of [summary judgment] principles with special caution."). However, where the plaintiff has had the opportunity to depose the defendant to test the defendant's veracity and the plaintiff has failed to "shake" the defendant's version of the facts or to raise significant issues of credibility, summary judgment for the defendant may ordinarily be granted. This is the case unless the plaintiff has adduced other "significant probative evidence" from which a jury would be entitled to infer contrary conclusions about the mental state at issue.
It is well-settled that summary judgment may be granted where the controlling issue is whether or not the movant acted with a particular mental state. Although the movant's testimony about the existence of a particular mental state may not be dispositive, the movant is entitled to summary judgment if the burden is on the nonmovant to establish the state of mind and the nonmovant has failed to come forward with even circumstantial evidence from which a jury could reasonably infer the relevant state of mind.
As noted, Corrugated has failed to present any evidence which would contradict the deposition testimony of Gurley, Frangedis and Reeve that Atlas and Longview did not intend to benefit Corrugated when they formed their agreement. Therefore the deponents' statements would be entitled to conclusive weight unless Corrugated can show that their credibility is subject to attack. Where, as here, the movant's witnesses have been examined by the nonmovant in depositions, the nonmovant ordinarily must identify specific factual inconsistencies in the witness' testimony in order to withstand a motion for summary judgment. "[T]he opposing party may not merely recite the incantation, `Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."
. . . . .
In the present case, Corrugated has not come forward with any evidence which would suggest that Gurley, Frangedis and Reeve are not credible witnesses; nor has it identified any inconsistencies in the deponents' accounts of the transaction. The opportunity to cross-examine these witnesses at trial would presumably add nothing to the deposition testimony already elicited. Therefore, it was appropriate for the district court to consider their testimony in ruling on the motion for summary judgment. As previously indicated, this testimony clearly demonstrates that Longview did not desire to become involved in contractual relations with a third party. Therefore, Corrugated's claim of entitlement to third-party beneficiary status must fail. (Citations and footnotes omitted; bracketed material in original)
868 F.2d at 914-915.
In National Union Fire Insurance Company of Pittsburg, Pennsylvania v. Argonaut Insurance Company, 701 F.2d 95 (9th Cir.1983), the plaintiff sought indemnification from another insurer in the amount of $300,000. The defendant insurer filed a motion for summary judgment and presented extrinsic evidence from its insured and itself showing that the limits of coverage intended by the parties to the insurance contract was $10,000. The trial court granted the summary judgment. The court of appeal affirmed with the following rationale:
The parties to the contract, Argonaut and United, agree on its meaning. National concedes that it can offer no evidence to contradict Argonaut's amply supported version of the history of United's *1192 insurance coverage in general and the development of this contract in particular. Appellant's Opening Brief at 36. In the district court it offered no evidence to oppose the summary judgment motion except an expert's affidavit, which the court properly refused to admit.
While offering nothing to support the interpretation it urges, National contends that once the district court determines that a contract is reasonably susceptible to more than one reading, as its findings suggest here, it cannot resolve a dispute over the proper interpretation of the contract on a summary judgment motion. National cites numerous authorities for the proposition that "[i]n contract cases, summary judgment is appropriate only if the contract or the contract provision in question is unambiguous." ... The rationale for the proposition is simple: ambiguity in a contract raises a question of intent, which is a question of fact precluding summary judgment.
The usual statement of the rule, however, assumes that there is at least some evidentiary support for competing interpretations of the contract's language. National cannot rely on the mere possibility of a factual dispute as to intent to avert summary judgment. Nor can it expect the district court to draw inferences favorable to it when they are wholly unsupported. National failed to raise a genuine issue of material fact as to the contract's proper interpretation. Summary judgment was appropriate.
(Citations and footnotes omitted; bracketed material in original)
701 F.2d at 96-97.
We find the federal jurisprudence persuasive.

Conclusion
The limited partners filed affidavits and other documentary evidence that show the parties to the questioned contract (1) did not intend to convey a benefit (stipulation pour autrui) to a third person (Carter), (2) did not intend to hold the Weavers harmless from all liabilities, and (3) did not intend to assume the general partnership liabilities of the Weavers. Carter presented no counter affidavits or other documentary evidence to show otherwise. In this factual and legal posture, the trial court correctly granted the summary judgment.
These assignments of error are without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
SHORTESS, J., dissents with reasons.
CRAIN, J., dissents for the reasons assigned by SHORTESS, J.
SHORTESS, Judge, dissenting.
The ingredients used by the majority to affirm the dismissal of plaintiff's suit on summary judgment must have come from a Federal cookbook because included in the stew is an ambiguous partnership sales agreement[1] and two self-serving, subjective affidavits. In my opinion, using a Louisiana cookbook, these ingredients should have produced a gourmet reversal. I would reverse and remand for a trial on the merits.
I respectfully dissent.
NOTES
[1] Named defendants are BRMAP, Riddick Investments, Ltd., Winston Riddick, Patricia Riddick, Marilyn Erwin, Robert Leake, Abram Miller, Paul Miller, Thomas Morgan, III, and Janis Catherine Long as Administrator of the Succession of Gillis Long.
[2] In Liem, 569 So.2d at 609, the court observed in dictum that "[T]he ambiguity of the contract itself should certainly preclude the granting of a summary judgment upon the interpretation of that document." No authority is cited for this holding. Because it is from another circuit court of appeal, we are not bound by it. Further, a holding that ambiguity per se precludes summary judgment is wrong as a matter of law; as previously indicated herein, the question of whether a contract is ambiguous is a question of law. Borden, 543 So.2d at 928; Myers, 532 So.2d at 494; Aycock, 517 So.2d at 309. Because ambiguity of a contract is a question of law, it may be decided on a motion for summary judgment.
[3] In Roy & Roy v. Riddle, the court found that there were "unresolved issues of material fact" and the trial court erroneously granted a summary judgment. However, Roy & Roy v. Riddle also seems to be the first case in the jurisprudence to discuss the distinction between the use of subjective and objective facts in summary judgments. In Roy & Roy v. Riddle, 187 So.2d at 494-495 appears the following:

Under the pleadings and showing, there are material issues relating to the Washingtons' employment of the plaintiffs Roy, relating to the motive and purpose of the letter sent, and relating to whether its distribution to other parties without prior communication with the Roys was beyond what the occasion demanded should there be a qualified privilege attaching to the defendant lawyer's acts on behalf of his clients.
. . . . . .
Under the federal cases on the question, the summary judgment device is often not appropriate when based only upon the defendant's uncontradicted affidavits negating subjective facts material to decision of the case, such as motive, intent, malice, good faith, or other subjective feelings or reactions which are essentially within the possession of the defendant and his witnesses alone.... To permit a defendant by ex parte affidavit to avoid a trial on the merits would thus permit him to "`withdraw these witnesses from cross-examination, the best method yet devised for testing trustworthiness of testimony'", Subin [v. Goldsmith] cited above at 224 F.2d [753] 758 [(CA 2, 1955) ], as well as to withdraw their testimony from effective demeanor-evaluation by the trier of fact which, in the light of all the circumstances, may determine that the witness's words which negate, are nevertheless untrue in the light of all circumstances.
We do not mean to express any opinion as to the merits by our statements of the disputed facts and of the legal principles which may possibly be applicable. We are aware that possibly the showing can under all the evidence be construed as an honest misunderstanding resulting in an unmalicious communication by a respected member of the bar to those entitled to know of the misunderstanding, which caused no damage to equally-respected members of the bar. We say only that the showing so far made indicates that this litigation includes unresolved issues of material fact, so that the plaintiffs are entitled to their day in court to determine them by trial on the merits.
(Emphasis added; citations and footnotes omitted)
The subjective-objective fact distinction is also discussed in Hare v. Ganaway Construction Company, 536 So.2d 722, 724 n. 1 (La.App. 3rd Cir.1988), writ denied, 539 So.2d 633 (La.1989). It appears settled that a person's statement concerning his own intent and/or his own participation in a course of conduct is direct (rather than circumstantial) evidence. State v. Burrell, 561 So.2d 692 (La.1990); State v. Williams, 420 So.2d 1116 (La.1982); State v. Martin, 376 So.2d 300 (La.1979). If there is a subjective-objective fact distinction for summary judgments, should there also be a direct-circumstantial evidence distinction? What would the rule be for direct evidence of a subjective fact?
[1] The October 1, 1984, sale of partnership interest provided the sale was "subject to the liabilities of said partnership, which liabilities the same transferee assume, and insofar as the Seller is concerned, the Transferees are hereby bound and obligated to hold Seller harmless against any of said liabilities."