JiCIACCIO, Judge.
Mutual of Omaha Insurance Company, in-tervenor herein, appeals from a judgment of the trial court granting plaintiffs’ motion for summary judgment and exception of prescription filed in response to Mutual of Omaha’s petition for intervention. For the reasons stated herein, we reverse the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

This lawsuit arises from a tragic accident wherein an eight year old boy sustained the traumatic amputation of his left leg after falling from a freight train which was crossing his family’s farm in Lettsworth, Louisiana. The accident occurred on the afternoon of May 28, 1989. On that date, Andreas Losavio, who was then eight years old, and his fourteen year old cousin, Jason Handley, were riding four-wheel all-terrain vehicles on their family’s property. Years before the accident, Kansas City Southern Railway Company, Inc., (“Kansas City”), obtained a right of way across the Lovasio family farm and erected a track dividing the fields of the farm in half. Although the railroad had constructed an underpass under the tracks, the underpass had fallen into disrepair and was rendered impassible for pedestrian or vehicular traffic.
*823 On the date of the accident, the two boys were riding their recreational vehicles back and forth through the fields and across the railroad tracks. At some point, a freight train, owned and operated by Kansas City, began to travel Ron the tracks at a speed of 3 — 5 miles per hour. The boys stopped riding their vehicles and waited for the train to pass. However, the boys eventually became attracted to the train and attempted to board the train while it was moving. Andreas Lo-savio attempted to jump to a ladder on one of the cars, but lost his balance and was pulled under the train, suffering the amputation of his left leg at the knee.
As a result of this accident, Andreas Losa-vio required extensive hospitalization and professional health care. At all pertinent times hereto, Mutual of Omaha Insurance Company issued a policy of insurance which provided medical and hospital benefits to members of the Rural Carrier Benefit Plan, of which Andreas’ father, Anthony Losavio, was a member. This plan provided dependent coverage to Andreas Losavio for the injuries sustained in this accident. In connection with the plan, Mutual of Omaha paid medical expenses for and on behalf of Andre-as Losavio in the sum of $237,458.86.
On May 25, 1990, Andreas’ mother, Anita Losavio, individually and on behalf of her minor child, filed this lawsuit against Kansas City and its employees who were involved in this accident. On March 25, 1994, Mutual of Omaha filed a petition of intervention in this lawsuit seeking recovery of benefits paid on behalf of Andreas Losavio based on subrogation provisions in the benefit plan. Mutual of Omaha requested judgment in the amount of $237,458.86 against plaintiffs and Kansas City.
In response to this intervention, plaintiffs filed an Exception of Prescription and an Exception of No Right and No Cause of Action, or alternatively a Motion for Summary Judgment. Defendant, Kansas City, joined in these exceptions. This matter was heard by the trial court on December 5,1994, and on October 17, 1995, the trial court rendered judgment denying the ^Exceptions of No Cause and No Right of Action, but granting plaintiffs’ Motion for Summary Judgment and Exception of Prescription, thereby dismissing the petition for intervention brought by Mutual of Omaha. The trial court assigned lengthy reasons for judgment, concluding that the Mutual of Omaha policy is ambiguous and does not clearly provide sub-rogation rights in this case. The trial court further determined that the intervention was not timely filed in this case, as it is an incidental demand which must have been filed within ninety days of service of the main demand.
Mutual of Omaha now suspensively appeals from this judgment, assigning several errors of the trial court. Appellant contends that the trial court erred in finding ambiguity in the insurance policy, and in failing to determine the true intent of the parties to the contract. Appellant further argues that the trial court erred in finding that the petition for intervention filed in these proceedings had prescribed. We find appellant’s arguments to have merit.

ANALYSIS

The first issue presented for our review is whether the policy language of the Mutual of Omaha benefit plan provides for the right of subrogation to recover benefits paid under the plan. This plan describes the insurer’s right of subrogation on page 6 of the policy as follows:

Subrogation

Subrogation means the Plan’s right to recover any payments made to you [the insured] or your dependent by a third party’s insurer, because of an injury or illness caused by a third party. Third party means another person or organization.
The paragraph which immediately follows this paragraph states:

Plan’s Right of Subrogation

If you or your dependent receive Plan benefits andphave a right to recover damages from a third party, the Plan is sub-rogated to this right. All recoveries from a third party (whether by lawsuit, settlement or otherwise) must be used to reimburse the Plan for benefits paid. Any remainder will be yours or your dependent’s. The Plan’s share of the recovery *824 will not be reduced because of attorney’s fees, or because you or your dependent have not received the full damages claimed, unless the Plan agrees in writing to a reduction.
(Emphasis added.)
The defendant and alleged tortfeasor in this ease, Kansas City, is self-insured. Therefore, any settlement or payment in this case will not be paid by an “insurer,” but will be borne by Kansas City itself.
Plaintiffs argued in support of their motion for summary judgment that by the express terms of the contract, Mutual of Omaha only has the right to recover for payments made to their insured by a third party’s insurer, which is not the case here. Plaintiffs argued that as there is no insurer for Kansas City, intervenor has no rights of subrogation pursuant to the first paragraph of the policy.
The trial court found that based on the circumstances presented, the provisions of the policy are in conflict. The court determined that the first paragraph which defines subrogation as a right to recover any payment made to an insured or a dependent “by a third party’s insurer” conflicts with the second paragraph which provides that the Plan is subrogated to the rights of an insured or a dependent to recover from “a third party.” The trial court stated that the policy language cannot be reconciled without ignoring the language of one of the provisions, stating as follows in its reasons for judgment:
On one hand the language clearly limits subrogation to payments by third party insurers. While a following paragraph seems to allow subrogation as to any other right to recover from a third party.
|sThus, the court determined that the provisions of the policy were ambiguous, and the ambiguity must be construed against the party who prepared the contract, Mutual of Omaha. The trial court concluded as follows:
The policy language as thus interpreted does not afford any right of subrogation in this case. Kansas City is not an insurer as defined in the plan and no payments are therefore made by an insurer. Thus Mutual of Omaha has no right of subrogation to enforce. The Motion for Summary Judgment must be granted.
Appellate courts review summary judgments de novo, using the same criteria used by the district court to determine whether summary judgment should be granted. Summary judgment shall be granted where the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The determination of whether a contract is ambiguous is a question of law, and thus on motion for summary judgment, the court may determine as a matter of law whether contract is ambiguous. Carter v. BRMAP, 591 So.2d 1184 (La.App. 1st Cir.1991).
An insurance policy is a contract between the parties and the interpretation of a contract is the determination of the common intent of the parties. La.C.C. art. 2045. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La.C.C. art. 2050. An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., 93-0911 (La. 1/14/94), 630 So.2d 759, 763. The policy should 16be construed as a whole and one portion thereof should not be construed separately at the expense of disregarding another. Crabtree v. State Farm Ins. Co., 93-0509 (La. 2/28/94), 632 So.2d 736, 741, citing, Central La. Elec. Co. v. Westinghouse Elec. Corp., 579 So.2d 981, 985 (La.1991).
Applying the foregoing principles of contract interpretation to the policy language at issue, we find no ambiguity in the pertinent provisions of the policy. The policy contains a section on subrogation which governs the insurer’s rights to reimbursement for benefits paid. The obvious intent of the parties to this contract was to provide subrogation rights to the insurer in the event the insured or a dependent received payments from a *825 third party tortfeasor. Although the first paragraph of the section on subrogation states that the right to recover arises from a payment by a third party’s insurer, the subsequent paragraph provides that the Plan is subrogated to the right to recover from a third party who makes payment to the insured. Construing these policy provisions in light of each other so that each is given the meaning suggested by the policy as a whole, we conclude that the contract of insurance entered into by the parties provides for sub-rogation rights when payment is made to the insured or a dependent by either a third party or its insurer.
The trial court’s interpretation of the policy in this case construes the provisions on subrogation in the policy in isolation at the expense of disregarding the clear and explicit language stating the plan is subrogated to the insured or the dependent’s right to recover damages from a third party. The trial court’s construction of the policy language strains the meaning of the express provisions, and restricts the separate policy provisions beyond what is reasonably contemplated by the terms, achieving an absurd result.
The obvious intent of these provisions of the policy is to provide for the bright of reimbursement for any payments made to the insured or their dependents when recovering from a third party or their insurer. The fact that Kansas City is self insured and will pay any judgment in this case directly to the plaintiffs does not alter Mutual of Omaha’s right to be reimbursed for the payments made to plaintiffs pursuant to the terms of the policy. We conclude that the trial court was clearly wrong in construing the policy provisions to prohibit Mutual of Omaha from seeking reimbursement where the third party tortfeasor is self-insured. We must therefore reverse the judgment of the trial court granting plaintiffs’ motion for summary judgment in this case.
The next issue presented for our review is whether the trial court erred in determining that the petition for intervention filed by Mutual of Omaha in this case had prescribed. The accident giving rise to this lawsuit occurred on May 28, 1989. The plaintiffs filed the petition for damages on May 25,1990. On March 25,1994, Mutual of Omaha filed a petition for intervention seeking recovery of the benefits it paid on behalf of Andreas Losavio.
Plaintiffs’ exception of prescription stated that the petition for intervention had prescribed as it is an incidental demand which was not filed within ninety days of service of the main demand. The trial court agreed with this contention and stated in its reasons for judgment:
The plaintiff was subject to a one year prescriptive period and filed its petition timely. The intervenor, through subrogation is not entitled to a prescriptive period greater than the prescriptive period applicable to the original petition.
Under the clear application of the prescriptive articles of 3492 and 1067 the suit filed by the intervenor is untimely. There has been no amendment to the original Petition prior to the Intervention which would extend the 90 day provision to grant an additional 90 days to Mutual of Omaha as in Moore v. Gencorp, Inc., 633 So.2d 1268 (La.1994).
|8On appeal, Mutual of Omaha contends that the trial court erred in finding that the petition for intervention was barred by prescription. We agree.
Mutual of Omaha’s subrogation rights arise by virtue of the contractual provision in the Benefit Plan. As such, Mutual of Omaha’s claim for reimbursement against the Lo-savios is subject to a prescriptive period of ten years. LSA-C.C. art. 3499. Mutual of Omaha would therefore have ten years from the date of payment by a third-party tortfea-sor to seek recovery from the Losavios.
Further, the contractual provisions of the policy entered into by the parties provides that Mutual of Omaha is subrogated to plaintiffs’ claims for recovery against a third party. The plaintiffs’ claim in tort against Kansas City is governed by the prescriptive period for delictual actions of one year. However, Louisiana law provides that prescription of an insurer’s subrogated claim for reimbursement of medical expenses paid will be interrupted during the pendency of a plaintiffs’ suit against a third party. See, *826 Provident Life and Acc. Ins. v. Turner, 582 So.2d 250, 254 (La.App. 1st Cir.1991).
Accordingly, the Losavios’ petition for damages against Kansas City which was filed within the applicable prescriptive period interrupts the running of Mutual of Omaha’s subrogated claim for reimbursement. The interruption continues during the pendency of the suit, and will begin to run anew upon its dismissal. Id.
The intervention filed by Mutual of Omaha during the pendency of the suit is therefore timely. The trial court’s determination that intervenor’s claim had prescribed is in error.

CONCLUSION

Accordingly, for the reasons stated herein, the judgment of the trial court ^granting plaintiffs’ motion for summary judgment and exception of prescription is reversed. This ease is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are to be borne by appellees.

REVERSED AND REMANDED.