432 So.2d 984 (1983)
James W. GROOM, et ux
v.
W.H. WARD LUMBER CO., INC., et al.
W.H. WARD LUMBER COMPANY, INC.
v.
UNITED PACIFIC INSURANCE COMPANY.
Nos. 82 CA 0826, 82 CA 0827.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*985 Howard Fussell, Covington, for Mr. and Mrs. James Groom.
Jesse Wimberly, III, Mandeville, for W.H. Ward Lumber Co., Inc.
Stephen M. Pizzo, New Orleans, for United Pacific Ins. Co.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
These are two consolidated cases involving the bonding out of a lien held by W.H. Ward Lumber Co., Inc., on certain property developed by Axis Construction Company (defendant-appellant in No. 82-CA-0827) and sold by Axis to Dryades Savings and Loan Association, which in turn sold to James William Groom and Shirley Grier Groom (plaintiffs-appellants in No. 82-CA-0826). Both the sale and resale occurred the same day, May 9, 1979. The Grooms, who sought the cancellation of a notice of lis pendens filed by Ward Lumber Company in a previous suit against Axis which sought to enforce the lien, did not file a brief as appellants. Therefore, their appeal is considered abandoned and is dismissed (see Rule 2-8.6, Uniform Rules, Courts of Appeal), and we consider only the appeal of United Pacific Insurance Company and the record in No. 82-CA-0827.
Basically, 82-CA-0827 is a suit to enforce Ward Lumber Company's lien rights against Pacific, a bonding company which bonded out the lien for Axis. Ward Lumber Company and Pacific stipulated the following facts, from which stipulation of facts, made in open court, on April 29, 1981, we quote verbatim:
"Number one, that suit was filed against United Pacific Insurance Company on July 29, 1980; Number Two, that the Grooms, Mr. and Mrs. Groom, passed the Act of Sale to purchase the property on May 9, 1979, and that Ward Lumber Company's lien was recorded on May 14, 1979, and the Act of Sale selling the property to the Grooms was recorded on May 16, 1979; Number three, that the Grooms owned and resided on the property at the time the suit was filed by Ward Lumber Company against Axis Construction Company; Number four, that the Grooms were not made defendants in the suit against Axis, nor given any notice of the suit; Number five, that the Grooms did not enter an appearance in the Ward versus Axis litigation; Number six, that no other persons or entities were made defendants in the Axis suit, given any notice thereof or entered an appearance therein; Number seven, that in the petitioner's suit entitled `W.H. Ward Lumber Company, Incorporated versus Axis Construction Company, Number 54,493,' petitioners sought and prayed for recognition of its materialman's lien and privilege on lot eighty-six square `E', Beau Rivage Subdivision, Mandeville, Louisiana. Those are the facts and stipulations, Your Honor."
In addition, the following facts, as to which both parties agree, can be gleaned from the briefs submitted on appeal:
*986 The suit Ward Lumber Company v. Axis was filed July 16, 1979. On February 13, 1980, Ward Lumber Company filed a lis pendens notice. On February 25, 1980, Ward Lumber Company obtained a default judgment against Axis, to which judgment the Grooms were not parties.
On April 1, 1980, Pacific bonded out the lien for Axis. The present suit was brought by Ward Lumber Company to obtain judgment on the bond.
The trial court rendered judgment in favor of Ward Lumber Company against Pacific on the bond in the sum of $9,533.24. We affirm.
The trial court stated in written reasons for judgment that the sale to the Grooms took place after the filing of the lien. The stipulation and exhibits show the opposite was the case. The act of sale was clearly passed before filing of the lien, although the act of sale was recorded after filing of the lien.
However, the result reached by the trial court was correct. The instrument by which Pacific bonded out the lien for Axis, which is captioned "BOND FOR RELEASE OF RECORDED CLAIM", contains the following pertinent paragraph immediately following the preamble:
"NOW, THEREFORE, the condition of this bond is that, in the event the legality of said claim against this work[1] and contract is not established by suit or otherwise, then this bond shall be null and void, otherwise to remain in full force and effect to protect the interest of said claimant in the foregoing premises; ..."
The bond was entered into on April 1, 1980. The judgment of default by Ward Lumber Company against Axis was obtained earlier, having been dated February 25, 1980. This prior judgment had had the effect of establishing, to use the language of the bond for release, "the legality of said claim", that is the claim of Ward Lumber Company against Axis. Therefore, the bond ab initio was instituted "in full force and effect to protect the interest of... claimant ..." (Ward Lumber Company). Although the stipulated facts are silent, we feel that it was clearly through negligence that Pacific entered into the bond and release contract with Axis when the public records indicated a judgment by default had been obtained against Axis. The only other alternative is that Pacific entered into the bond and release in full knowledge of the default judgment, an improbable analysis of the facts that even further weakens Pacific's position. In either case, the stipulation of facts does not indicate that fraud or coercion was practiced against Pacific. Pacific entered into the contract freely and voluntarily and took the facts as it found them. Contracts have the effect of laws upon those who have formed them, and must be performed in good faith. LSA-C.C. art. 1901. It is not the province of the courts to relieve a party of a bad bargain. Louisiana Power & Light Co. v. Mecom, 357 So.2d 596 (La.App. 1st Cir.1978). We, therefore, find the bond for release to be fully enforceable.
The judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.
NOTES
[1] Viz. the improvements made by Axis on the property subsequently purchased by the Grooms. (footnote ours).