SAVOIE, Judge.
This suit was filed to recover past due lease payments and the price of certain equipment purchased by defendant, Tiffin Inn Pancake House of Baton Rouge, Inc., from the plaintiff, Bowers Electronic Enterprises.
*223 On September 12, 1973, the parties entered into a contract whereby the plaintiff agreed to furnish certain stereo equipment and a music library for defendant’s business establishment in Baton Rouge. Such contract was to remain in effect for an initial period of one year from the date of commencement of service and continue thereafter for subsequent periods unless terminated by either party. Termination would be by written notice sent via registered mail at least 60 days prior to the expiration of any such period. The contract also provided that the defendant was to pay all costs, legal fees, and expenses reasonably incurred by the plaintiff in judicially enforcing the contract. In August, 1976, the parties entered into an oral contract for defendant’s purchase of certain stereo equipment and the leasing of services for defendant’s Lake Charles business.
The defendant ceased payment for the equipment purchased and services rendered in Lake Charles in July, 1979. Further, defendant failed to pay for the leasing services rendered for the months of April, 1978, and July, 1979, in Lake Charles. In October, 1980, defendant also stopped payment of the monthly lease owed for the Baton Rouge equipment and services. Plaintiff filed suit on July 13, 1982, for all arrearages owed. Defendant filed, inter alia, an exception of three year prescription. L.S.A.-C.C. art. 3538.[1]
The trial court, finding L.S.A.-C.C. art. 3538 applicable, concluded that the defendant was indebted to the plaintiff in the amount of (1) $667.80 for amounts past due on the Baton Rouge lease contract, and (2) $679.86 for amounts owed on the Lake Charles arrangement.[2]
Defendant appeals, asserting that the trial court erred in finding it liable despite plaintiff’s alleged contractual breach. Such assertion is based upon defendant’s belief that plaintiff’s failure to perform under the contract entitles the defendant to resort to non-payment of the lease. Contrarily, plaintiff asserts that the trial court erred in finding that the course of dealing between the parties constituted an open account and, consequently, applying L.S. A.-C.C. art. 3538 to bar full recovery.
For the purposes of clarity, this court will treat the Baton Rouge and Lake Charles “contracts” separately.
BATON ROUGE
Contracts legally entered have the force of law among the parties. L.S. A.-C.C. art. 1901; and Groom v. W.H. Ward Lumber Co., Inc., 432 So.2d 984 (La.App. 1st Cir.1983). The contract in question requires a 60-day notice prior to the expiration of any period for termination of services to be effective. Finding no such notice had been given, the trial court concluded that the contract was never terminated. It also found that the defendant continued to use and receive service on its equipment even after ceasing all lease payments. Further, the trial court found that the time between the cessation of lease payments and the filing of suit was less than three years. Based upon such facts, it concluded that the arrearages due for the Baton Rouge “contract” were not prescribed. See L.S.A.-C.C. art. 3538.
Great weight is to be accorded the trial court’s findings of fact. They will be overturned only if manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La. *224 1978). We find no error in the trial court’s findings.
While defendant agrees with the trial court that L.S.A.-C.C. art. 3538 is applicable, it contends that plaintiffs failure to perform (i.e., make repairs) under the contract entitled it to cease the lease payments owed. However, only where a lessee is prevented from making repairs the lessor should have made, will the lessee be absolved of making the lease payments due. L.S.A.-C.C. arts. 2694, 2729; and see also Honeywell, Inc. v. Courtesy Discount House, Inc., 413 So.2d 222 (La.App. 4th Cir.1982); and Shear v. Castrinos, 327 So.2d 558 (La.App. 4th Cir.1976).
Here, the record fails to indicate that the lessee was prevented from making any necessary repairs. Hence, the lessee was not entitled to cease its lease payments. Further, defendant’s argument is untenable in view of the trial court’s finding that it had both used and received service on the equipment after cessation of the lease payments.
For the above stated reasons, we find defendant’s assignment of error as to the Baton Rouge “contract” to be without merit.
LAKE CHARLES
As to the Lake Charles arrangement, the court determined that three separate situations existed. In addressing each, it applied L.S.A.-C.C. art. 3538. Such situations were: (1) the lease of a music library, (2) the purchase of a music library, and (3) whether certain sound equipment was sold to or leased by the defendant.
In addressing the lease of the music library, the trial court found that the Baton Rouge “contract” had been extended to cover the Lake Charles operation. Applying L.S.A.-C.C. art. 3538, the trial court held that certain lease invoices, dated more than three years prior to filing suit, were prescribed. Accordingly, it fixed the lease arrearages owed at $679.86.
The trial court then addressed the music library and sound equipment purchase issues. It concluded from the evidence presented that the defendant had, in fact, purchased the music library. Further, the trial court held that the sound equipment was likewise purchased from the plaintiff. Applying L.S.A.-C.C. art. 3538, the trial court found that the sales, having been completed more than three years before the filing of suit, were prescribed. It did so based upon its conclusion that these items were purchased on an open account.
Great weight is to be given the trial court’s findings of fact. They will only be overturned if manifestly erroneous. Ar-ceneaux, supra. We find no error in the trial court’s findings.
Defendant asserts again that plaintiff’s failure to perform under the contract entitled it to cease the lease payments owed. Having already found this argument to lack merit, we need not address it again. Plaintiff asserts that these transactions were not purchases on an open account but were contracts of sale and, as such, prescribe by ten years. L.S.A.-C.C. art. 3544.
Where there is a single transaction between the parties with no expectation of future dealings, a seller’s action to recover payment is not on an open account. Herb’s Machine Shop, Inc. v. John Mecom Company, 426 So.2d 762 (La.App. 3rd Cir.) writ denied, 430 So.2d 98 (La.1983); O.J. Rivero Towing Company v. Coastal Flex Company, Inc., 414 So.2d 1384 (La.App. 4th Cir.1982); and Womack Brothers, Inc. v. Equipment Rental Services, Inc., 399 So.2d 661 (La.App. 1st Cir.1981).
Here, the record amply supports the trial court’s findings that the parties had and continue to have expectations of future dealings between them. Accordingly, we find, as did the trial court, that these items were purchased on open account. Thus, the right to collect for those items purchased in 1977 and 1978 prescribed by three years. L.S.A.-C.C. art. 3538.
For the above and foregoing reasons, judgment of the trial court is affirmed. *225 Costs of this appeal are to be shared equally between the parties.
AFFIRMED.

. L.S.A.-C.C. art. 3538 provides:
"The following actions are prescribed by three years:
“That for arrearages of rent charge, annuities and álimony, or of the hire of movables and immovables.

“That on the accounts of merchants, whether selling for wholesale or retail.”

. The trial court found that regarding the Lake Charles arrangement, three distinct situations existed, to-wit, that: (a) the defendant purchased certain stereo equipment for use in Lake Charles, (b) the defendant purchased an initial basic music library, and (c) the defendant leased additional music for its library. Further, it found that several amounts owed were prescribed by three years. See L.S.A.-C.C. art. 3538.