600 So.2d 819 (1992)
Yvonne A. ZEIGLER, Plaintiff-Appellee,
v.
PLEASANT MANOR NURSING HOME, et al., Defendants-Appellants.
No. 90-893.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
Eugene Cicardo, Alexandria, for plaintiff-appellee.
Cook, Yancey, King & Galloway (Timothy B. Burnham), Shreveport, for defendants-appellants.
Joseph Kutch, Pineville, for defendant-appellant Nursing Home.
Before GUIDRY and STOKER, JJ., and PATIN, J. Pro Tem.
GUIDRY, Judge.
Plaintiff, Yvonne A. Zeigler, filed suit against her employer, Pleasant Manor Nursing Home, seeking worker's compensation benefits, and against Citizens Security Life Insurance Company seeking disability benefits under a health insurance policy provided to Pleasant Manor. Plaintiff also sought penalties and attorney's fees from both defendants. Pleasant Manor cross-claimed against Citizens seeking indemnity under the health insurance policy for any amounts for which it should be cast in judgment.
The trial court found plaintiff to be temporarily totally disabled, both as to worker's compensation and under the Citizens policy, from October 9, 1988. Pursuant to this finding, the trial court awarded plaintiff $67.33 per week in worker's compensation benefits plus legal interest on each payment until paid. Plaintiff was also awarded any unpaid medical bills plus interest, *820 future medical expenses as they occur, and costs. Plaintiff's demand for penalties and attorney's fees was denied. Pleasant Manor was awarded judgment on its cross-claim against Citizens up to the policy limits.
Pleasant Manor and Citizens appealed. Plaintiff answered the appeals. On appeal, Pleasant Manor urges that the trial court erred in finding that plaintiff carried her burden of proof on the issue of disability. Citizens raises this same issue and additionally argues that even if plaintiff is temporarily totally disabled, she is not disabled under the terms of its policy. In her answer to the appeals, plaintiff seeks an increase in benefits and urges error in the trial court's denial of penalties and attorney's fees under both the worker's compensation statute (R.S. 23:1201.2) and under the general insurance statute (R.S. 22:657).
The record reflects that plaintiff was employed by Pleasant Manor Nursing Home in August 1988 as a relief nursing assistant. She alleges that at approximately 4:30 a.m. on August 29, 1988, she injured her back while attempting to move a patient from a bed to a wheel chair. No one witnessed the accident but plaintiff reported the incident and went on to finish working her shift. The next day she went to the emergency room at St. Francis Cabrini Hospital with complaints of low back pain radiating into both legs. After x-ray and examination, she was diagnosed as having a "mild low back strain". The doctor prescribed a muscle relaxant and an anti-inflamatory drug and ordered two days bed rest. Plaintiff returned to work on September 2, 1988.
During the month of September plaintiff consulted Dr. D.M. Kingsley, an orthopedist, on three separate occasions, September 6, 13 and 29, complaining of neck, arm, hand, back and leg pains. Dr. Kingsley performed neurological, vascular and muscular examinations and had x-rays taken of her spine. The x-rays and all tests were found to be normal. Dr. Kingsley then ordered a battery of laboratory tests. All tests were normal except the patient's sedimentation rate, which was increased, a sign of infection for which she was referred to her family physician. Dr. Kingsley's several examinations revealed no objective signs nor physical reason for the plaintiff's subjective complaints of pain. According to Dr. Kingsley, plaintiff's complaints and his findings were inconsistent. On September 29, 1988, having found no disability or objective reason for her complaints, Dr. Kingsley released plaintiff as able to resume her normal activities and suggested that she return in one week for possible final discharge. Ms. Zeigler never returned to see Dr. Kingsley.
On October 13, 1988, plaintiff consulted Dr. Dean R. Lindsay, a chiropractor. Aside from Ms. Zeigler's subjective complaints of pain, Dr. Lindsay found the "loss of the normal cervical curve", a "left lateral rotation of the ... cervical [and] ... upper thoracic spine" and some "left rotational malposition of [the] lower lumbar vertebra". Between October 13th and November 23, 1988, when he discharged Ms. Zeigler as "not cured", he saw and adjusted her spine some sixteen times. In his opinion, during the time he treated her, she was unable to pursue gainful employment free from pain.
Plaintiff next saw Dr. Edward A. Norton for evaluation on referral of her attorney. She saw Dr. Norton only once, on January 25, 1989, to make "arrangements for her to see Dr. Patton". Dr. Norton rendered no treatment and deferred any comment on Ms. Zeigler's ability to work to Dr. Patton.
Dr. John Patton saw Ms. Zeigler only once, April 5, 1989. Once again, plaintiff's only complaints were of pain in the back of her head, her neck and left arm, her back and both legs. Dr. Patton could find no "... evidence of any significant neurological injury", but based upon Ms. Zeigler's subjective complaints of pain stated, "I thought she probably had a cervical and lumbar musculoskeletal injury". Dr. Patton told plaintiff to return in six weeks if she was not any better, at which time he would consider ordering a lumbar CT scan and a cervical MRI. Ms. Zeigler did not return. In deposition, Dr. Patton stated at one point that he was of the opinion that *821 plaintiff could not pursue gainful employment without pain, but later recanted stating that Ms. Zeigler should be able to perform some sedentary activities.
Approximately one month before trial (September 21, 1989), plaintiff was seen at the emergency room of "Charity" Hospital where she was given a prescription for Motrin 800mg. That was the last medical treatment she received.
According to Ms. Zeigler she is in constant pain, which varies in degree and she is unable to do much of anything. This was corroborated by her mother with whom plaintiff lives. Her mother, Alice Zeigler, stated that her daughter mostly sits around the house and that she takes a lot of Motrin and Tylenol for her pain.

THE TRIAL COURT'S FINDING OF DISABILITY
In Johnson v. Insurance Company of North America, 454 So.2d 1113 (La.1984), the Supreme Court stated:
"An employee who can only work in substantial pain may be totally disabled. Calogero v. City of New Orleans, 397 So.2d 1252 (La.1980); Lattin v. Hica Corp., 395 So.2d 690 (La.1981); and Martin v. H.B. Zachry Co., 424 So.2d 1002 (La., 1982). Plaintiff's uncontradicted evidence of pain can support a finding of substantial and appreciable pain. Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La., 1980). The opinion of a physician or other medical expert about disability does not necessarily determine legal disability. Whitaker v. Church's Fried Chicken, Inc., 387 So.2d 1093 (La., 1980).
In evaluating evidence, the trier of fact should accept as true the uncontradicted testimony of a plaintiff witness, absent a sound reason for its rejection. Robertson v. Scapio Produce and Institutional Foods, Inc., 449 So.2d 459 (La., 1984); West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La., 1979). Lay testimony can be considered despite the absence of a conflict in medical testimony. Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La., 1975)."
Recently, in a case factually similar to the case sub judice, a panel of this court declared:
"The finding of disability within the framework of the worker's compensation law is a legal rather than purely medical determination. Manson v. City of Shreveport, 577 So.2d 1167 (La.App. 2nd Cir.1991). Therefore the question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony. Id.

Ultimately, the question of disability is a question of fact. Latiolais v. Home Ins. Co., 454 So.2d 902 (La.App. 3rd Cir. 1984), writ denied, 460 So.2d 610 (La. 1984). Accordingly, an appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless clearly wrong. Therefore reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal. Rosell v. ESCO, 549 So.2d 840 (La.1989). Such deference to the findings of a trial court with regard to facts and credibility apply to worker's compensation cases. Ducote v. J.A. Jones Const. Co., 471 So.2d 704 (La.1985)."
Pollock v. Louisiana Insurance Guaranty Association, 587 So.2d 823 (La.App. 3rd Cir.1991).
We observe that under our law and the jurisprudence interpreting same, a worker may be temporarily and totally disabled if he is in a recovery period and unable to work because of substantial pain. Thomas v. Elder Pallet and Lumber Sales, Inc., 493 So.2d 1267 (La.App. 3rd Cir.1986), writ denied, 497 So.2d 312 (La. 1986); Guillory v. Soloco, Inc., 570 So.2d 139 (La.App. 3rd Cir.1990).
While we seriously question the trial court's conclusion with regard to plaintiff's disability, we are unable to say that its determination on this issue is manifestly erroneous or clearly wrong. See Rosell v. ESCO, 549 So.2d 840 (La.1989). Accordingly, the trial court's determination that plaintiff is temporarily totally disabled will not be disturbed.
*822 We find no error in the trial court's denial of penalties and attorney's fees. Plaintiff did work for a month after she was injured. There is no evidence in the record that she did not fully perform her assigned duties during that time. Additionally, there is the letter of October 12, 1988 from Dr. Kingsley to plaintiff's employer wherein he states, "I told her to call Mr. Thompson [her boss] and tell him she was ready to do her regular work. She made an appointment to return October 6, 1988. However, she has not returned to date". The issue as to disability is extremely close.
"... Under LSA-R.S. 23:1201 E, penalties are appropriate only if the employer does not have a reasonable basis on which to controvert the claimant's claim to compensation. Attorney's fees require a finding that the employer's actions were arbitrary and capricious or without probable cause under LSA-R.S. 23:1201.2. Whether or not a refusal to pay benefits is arbitrary, capricious, or without probable cause depends primarily on the facts known to the employer at the time of its action. Loyd [v. IMC Fertilizer, Inc., 557 So.2d 1078], supra, Hughes v. General Motors Lamp Guide Division, 469 So.2d 369 (La.App. 2d Cir. 1985). Penalties are stricti juris and should be imposed only if the facts clearly negate good faith and just cause in connection with the refusal to pay. Guillory v. Travelers Insurance Company, 294 So.2d 215 (La.App.1974); Wall v. Sisters of Charity of the Incarnate Word, 488 So.2d 1032 (La.App. 2d Cir. 1986). Trial courts have great discretion in imposing or refusing to impose attorney's fees. Barton [v. Wausau Insurance Company, 545 So.2d 1248], supra."

Lubom v. L.J. Earnest, Inc., 579 So.2d 1174 (La.App. 2d Cir.1991). The trial court did not err in concluding that Pleasant Manor was neither arbitrary nor capricious or without good faith in its actions.

CITIZENS' APPEAL
We now turn our attention to the issues raised by Citizens Security Life Insurance Company, Pleasant Manor's health insurance provider. The pertinent part of the disability provision in the Citizens policy reads as follows:
"If accidental bodily injuries shall, within ten (10) days from the date of the accident and after an elimination period of seven (7) days from the date of such total disability, continue to continuously and totally disable the Injured Person, and prevent such person from performing every duty pertaining to his (or her) business or occupation, and if such person does not engage in any occupation for wage or profit, and is regularly attended by a Physician or Surgeon, other than the Injured Person, then we will pay from the date of such total disability at the rate of indemnity shown in the Benefits Schedule." (Emphasis ours)
In his reasons for judgment, the trial judge stated, "The Court is of the opinion that the policy, subject to its maximum dollar limits, covers this injury. The fact that plaintiff returned to work does not exclude coverage because she did so at the direction of a physician, however, she found that she could not continue to work in pain". For the reasons which follow, we find clear error in the trial court's conclusion that the Citizens policy provides coverage for plaintiff's disability.
It is well settled that, subject to the limits imposed by law, parties are free to contract as they choose and where the words of a contract are clear and unambiguous, a court, in resolving a contract dispute, must give full weight to the clear meaning of those words.
The Citizens policy is not a worker's compensation policy but provides coverage only for specific loss or total disability as therein defined. In the contract at issue, we find two points of salient interest: (1) the policy mandates that for a covered party to be eligible for disability benefits, said party's total disability must manifest itself within ten days of the injury and "prevent such person from performing every duty pertaining to his (or her) business or occupation..."; and, (2) the injured person *823 must be "... regularly attended by a Physician or Surgeon". (Emphasis ours)
The policy, unlike worker's compensation, has no provision for a worker working in pain; hence, the trial judge was clearly wrong in concluding that although the plaintiff worked for a month after her injury, coverage was not excluded. Additionally, the record clearly shows that plaintiff has not been regularly attended by a physician or surgeon. In sum, the record clearly supports a finding that plaintiff is not and never was totally disabled within the intendment and meaning of the Citizens policy.
Accordingly, we find that plaintiff is not entitled to benefits under the total disability clause of Citizens' policy. Inasmuch as we find plaintiff due no benefits under Citizens' policy, it was clearly wrong for the trial court to cast Citizens "jointly, severally and in solido" with Pleasant Manor for Ms. Zeigler's compensation benefits and to award Pleasant Manor judgment over against Citizens on its cross-claim. Accordingly, those portions of the trial court judgment are reversed. Our finding in this regard renders moot plaintiff's request for penalties and attorney's fees against Citizens.
The only issue remaining concerns plaintiff's prayer for additional worker's compensation benefits. The trial judge found plaintiff, a relief nurse's aide who had only worked at Pleasant Manor a month before her accident, to have worked an average of 30.15 hours per week and based her compensation benefits on that figure. We find no merit to plaintiff's argument that her benefits should have been figured at 40 hours per week, the customary work hours for a full time employee. She was admittedly a relief employee, not working full time.
For the reasons stated, the judgment of the trial court in favor of plaintiff, Yvonne Zeigler, and against Citizens Security Life Insurance Company is reversed and set aside and plaintiff's claim against Citizens is ordered dismissed with prejudice. Further, the judgment of the trial court against Citizens Security Life Insurance Company and in favor of Pleasant Manor Nursing Home is reversed and set aside and Pleasant Manor's third party demand against Citizens is ordered dismissed with prejudice. In all other respects, the judgment appealed from is affirmed. All costs at the trial level and on appeal are assessed against defendant, Pleasant Manor Nursing Home.
AFFIRMED IN PART; REVERSED IN PART; AND, RENDERED.