609 So.2d 883 (1992)
Beverly B. McCrory, Wife of/and Gerard L. McCRORY
v.
TERMINIX SERVICE CO., INC., and XYZ Insurance Company.
No. 91-CA-2225.
Court of Appeal of Louisiana, Fourth Circuit.
November 13, 1992.
*884 Ivan David Warner, III, Carimi Law Firm, Metairie, for plaintiffs/appellants.
Jerald L. Album, Suzanne M. Gaucheau, Abbott & Meeks, New Orleans, for defendants/appellees.
Before CIACCIO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The plaintiffs, Beverly and Gerard McCrory ("McCrorys"), filed suit against defendant, Terminix Service Co., Inc. ("Terminix"), and its insurer claiming property and personal injury damages.[1] On Terminix's motion, the trial court granted partial summary judgment. The judgment limited the McCrorys' property damage claim to $5,000 in accordance with a provision in the parties' termite protection contract. The McCrorys appeal from that judgment, claiming the trial court erred in granting the partial summary judgment because the contractual provision interpreted by the court is ambiguous and because doubt exists as to the parties' intent to limit Terminix's liability to $5,000. We disagree.
In 1962, the McCrorys' predecessor in interest, W.D. Fowler, contracted with Terminix for termite protection for the residence and garage located at 4763 Marigny Street, New Orleans. (Bruce-Terminix Protection Contract No. 72PRO62208-5.) Under the terms of this contract, for an annual fee, Terminix obligated itself to perform annual re-inspections and future applications of termiticides necessary for the continued protection of the property *885 against subterranean termites. Additionally, the contract provided that:
The Terminix company further agrees that in the event of new subterranean termite damage to the structure or contents repairs will be performed with the approval and at the expense of the Terminix company. The liability of the Terminix company is not to exceed five thousand dollars ($5,000.00).
The McCrorys assumed the terms of this contract when they purchased 4763 Marigny Street from Fowler.
During a routine inspection of the McCrorys' residence in June of 1989, Terminix discovered termite activity and damage. Through this suit, the McCrorys contend that the termite damage to their home resulted from Terminix's failure to properly treat and/or annually inspect their property. They claim Terminix is liable for the full cost of repairing the property damage caused by the termites.
Terminix's motion for partial summary judgment claimed that, under the clear and unambiguous terms of the parties' termite protection contract, its obligation to the McCrorys for property damage caused by termites does not exceed $5,000. Terminix contended that the contract's provision which unambiguously limits its liability must be enforced as written and, under well-settled Louisiana law, cannot be varied because it was not procured by fraud, accident or mistake. As the contract has the effect of law as between the parties, Terminix further argued that its terms could not be repudiated for economic or imprudent reasons, citing LSA-C.C. arts. 1971 and 1983.[2]
Following a hearing, the trial court rendered judgment in Terminix's favor. It stated that, in accordance with the provisions of the Bruce-Terminix Protection Contract No. 72PRO62208-5, Terminix's liability to the McCrory's for property damage repairs caused by termites is limited to $5,000.
On appeal, the McCrorys assert that the contractual provision which purports to limit Terminix's liability to $5,000 is ambiguous because it does not specifically state the liability limitation of $5,000 is for property damage. The McCrorys argue that the contract clearly states that in the event of new termite damage to the structure or contents of 4763 Marigny Street, repairs will be performed at the expense of Terminix. They further claim that the contract does not place a dollar limit on those structure and contents repairs. Alternatively, the McCrorys assert that doubt exists as to the parties' intent regarding the contract provision. They claim that because Terminix has written post-1962 termite protection contracts for other clients, providing them with property damage liability limits of $25,000, Terminix intended to increase the liability limitation in their contract.
Subject to the limits imposed by law, parties are free to contract as they choose. Zeigler v. Pleasant Manor Nursing Home, 600 So.2d 819 (La.App. 3d Cir. 1992). The terms of the contract then have the effect of law on the parties. LSA-C.C. art. 1983 (former C.C. art. 1901). Interpretation of a contract is the determination of the parties' common intent. LSA-C.C. art. 2045 (former C.C. arts. 1945, 1950). When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. art. 2046 (former C.C. arts. 13, 1945). However, when the terms of a contract are susceptible to more than one interpretation, it is ambiguous, and parol evidence may be used to show the true intent of the parties. LSA-C.C. art. 2045, et seq.; Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 *886 (La.1981); Carter v. BRMAP, 591 So.2d 1184 (La.App. 1st Cir.1992). Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract. LSA-C.C. art. 2048 (former C.C. art. 1952).
Whether a contract is ambiguous or not is a question of law. Carter v. BRMAP, supra.; Borden, Inc. v. Gulf States Utilities Co., 543 So.2d 924 (La.App. 1st Cir.1989), writ den., 545 So.2d 1041 (La.1989). When a contract is to be interpreted by the court as a matter of law, a motion for summary judgment is the proper procedural vehicle to present the question to the court. Carter v. BRMAP, supra. Appellate review of the question(s) of law, is simply whether the trial court's interpretive decision is legally correct. O'Neill v. Louisiana Power & Light Co., 558 So.2d 1235 (La.App. 1st Cir.1990).
The McCrorys urge the trial court erred by determining that the contract they have sued upon limits Terminix's liability for property damage to $5,000. We disagree. The terms of this liability provision, taken as a whole, are not susceptible to more than one interpretation. The rule of strict construction does not authorize perversion of a contract's language or the creation of ambiguity where none exists. Ransom v. Camcraft, Inc., 580 So.2d 1073 (La.App. 4th Cir.1991). The contract's provisions clearly and explicitly suggest that in the event of new subterranean termite infestation, Terminix's maximum liability for property damage, structure and/or contents repairs, is limited to $5,000.
When the McCrorys purchased Fowler's residence and assumed the terms of his termite protection contract, they became bound by its terms. See LSA-C.C. arts. 1764, 1765, 1821 et seq. The contract became the law between them. The McCrorys cannot be given relief merely because they assumed a bad and/or outdated bargain. Groom v. W.H. Ward Lumber Co., Inc., 432 So.2d 984 (La.App. 1st Cir. 1983); Louisiana Power & Light Co. v. Mecom, 357 So.2d 596 (La.App. 1st Cir. 1978). Hence, the McCrorys' initial claim of error is without merit.
As the parties' contract is clear and unambiguous, there is no need to go outside the document to discover the parties' intent. American Waste and Pollution Control Co. v. Jefferson Davis Parish Sanitary Landfill Com'sn, 578 So.2d 541 (La.App. 3d Cir.1991), writ den., 581 So.2d 694 (La.1991). The McCrorys are not entitled to present extrinsic, parol evidence on the issue of intent. It is therefore not consequential that their neighbor has a termite protection contract with Terminix, dated 1968, providing property damage liability limits of $25,000. The letter of the McCrorys' contract clause cannot be disregarded under the pretext of pursuing its spirit. LSA-C.C. art. 2046, comment b (former C.C. arts. 13 and 1945(3)); O'Neill v. Louisiana Power & Light Co., supra. Thus, the McCrorys' second claim of error is also without merit.
The Code of Civil Procedure sets forth that a plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed. LSA-C.C.P. art. 966(A). The Code also directs that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966(B); Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La.App. 4th Cir.1991). Therefore, as Terminix's supporting document, BruceTerminix Protection Contract No. 72PRO62208-5, sufficiently resolves all material issues of fact regarding its maximum liability for property damage, it was entitled to summary judgment as a matter of law.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellants are to bear all appeal costs.
AFFIRMED.
NOTES
[1] The McCrorys' claim for personal injury damages, arising from Terminix's use/misuse of termiticides on the McCrorys' residence, is not relevant to this appeal.
[2] The cited Civil Code articles provide as follows:

Art. 1971. Freedom of parties
Parties are free to contract for any object that is lawful, possible, and determined or determinable.
Art. 1983. Law for the parties; performance in good faith
Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith.