JiCIACCIO, Judge.
Defendant, the Paul Revere Life Insurance Company (hereinafter “Paul Revere”), appeals from a judgment of the trial court which grants a motion for partial summary judgment brought by plaintiff, Julie Chava-nell Welsh. We affirm.
FACTUAL BACKGROUND
On September 6, 1990, Patrick Welsh submitted an application for life insurance to Robert McAlister, a Paul Revere life insurance sales agent. Welsh had previously purchased a disability policy from Paul Revere through agent McAlister. On the same date as the application for life insurance was tendered, Patrick Welsh and his wife Julie submitted a premium check in the amount of $180.00 to Paul Revere through Mr. McAlis-ter which represented the first month’s premium on a life insurance policy in the amount of $400,000.00. As evidence of the premium check received, Paul Revere gave the Welshes a document entitled “Receipt and Conditional Insuring Agreement,” which is the subject of the present dispute.
On October 7, 1990, Patrick Welsh died while scuba diving prior to the issuance of the policy. His widow, Julie Welsh, filed a claim for life insurance benefits with Paul Revere. Paul Revere denied the claim, and this litigation ensued.
ROn February 4, 1991, Julie Chavanell Welsh, as designated owner and beneficiary of the subject policy, filed a Petition for Payment of Life Insurance Proceeds against Paul Revere seeking recovery of $400,000.00 in benefits provided by the policy as applied for by plaintiffs decedent, Patrick Welsh. Paul Revere denied the allegations of the petition, except to admit that Paul Revere had refused to pay benefits to plaintiff because Patrick Welsh was determined to be uninsurable at the time the application was completed and therefore a policy was never issued.
After a lengthy period of discovery, plaintiff filed a partial motion for summary judg *143 ment arguing that the Receipt and Conditional Insuring Agreement issued by Paul Revere to the Welshes on September 6,1990 contained provisions for temporary insurance benefits in the amount of $100,000.00 to which plaintiff was entitled to as a matter of law. Plaintiff attached to her motion a copy of the Receipt and Conditional Insuring Agreement, as well as a copy of her deposit cheek payable to Paul Revere in the amount of $180.00. She also attached her own affidavit attesting to the facts of her petition.
Paul Revere opposed this motion, contending that the Receipt and Conditional Insuring Agreement provided that the applicant must be found to be an “insurable risk” at the time the application was completed prior to obtaining any type of coverage under the Agreement. Paul Revere argued that the language of the Agreement is clear and unambiguous, and that as Patrick Welsh was determined to be uninsurable, there is no coverage under the Agreement. Paul Revere further argued that the question of whether Patrick Welsh was an insurable risk at the time his application was completed is a question of fact to be determined after trial on the merits.
|3The matter was submitted to the trial court on affidavits and other documentary evidence. On February 2, 1995, the trial court, rendered judgment granting plaintiff’s motion for partial summary judgment, awarding plaintiff $100,000.00 in insurance benefits. The trial court assigned lengthy reasons for judgment. It is from this judgment that Paul Revere perfects this appeal.
DISCUSSION
The sole issue presented for our review is whether the trial court erred as a matter of law in granting the motion for partial summary judgment in this case.
Appellate courts review summary judgments de novo and use the same criteria as the trial court. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342 (La.1991). A party may move for summary judgment in his favor for all or part of the relief for which he has prayed. La.C.C.P. art. 966(A). A summary judgment may be a partial judgment. La.C.C.P. art. 1915(A)(3). The mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). Whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute which can properly be resolved within the framework of a motion for summary judgment. Garcia v. Certified Lloyds Ins. Co., 598 So.2d 1278 (La.App. 4 Cir.), writ denied, 604 So.2d 969 (La.1992).
The parties in this case do not dispute that Patrick and Julie Welsh signed and completed an application for life insurance, tendered a premium check to |4PauI Revere through its agent, Robert McAlister, and were issued a Receipt and Conditional Insuring Agreement by Paul Revere. The parties do not dispute that the agent Mr. McAlister had the authority to bind the insurance company for the limits of liability requested. What is disputed by the parties is the interpretation of the Receipt and Conditional Insuring Agreement, and whether it provides any insurance benefits to plaintiff under the circumstances of this case.
The Agreement issued by Paul Revere to the Welshes provides in pertinent part:
WE [PAUL REVERE] ACCEPT THIS DEPOSIT SUBJECT TO ALL OF THE FOLLOWING CONDITIONS:
Insurance Provided — If at least a minimum deposit is made, we will insure each person proposed for coverage in the Application who is an insurable risk on the effective date. The insurance provided will:
(i) Take effect as of the effective date;
(ii) Be exactly as requested in the Application for insurable risk A, or be reduced or modified according to our underwriting rules and practices for insurable risk B;
(iii) Continue until we notify you that the Application is accepted or filed; and
(iv) Be subject to all the liability limits set forth below.
There is no insurance provided if either question M-l (a) or (b) in Part 1 of the
*144 Application is answered “Yes” or left blank, or if there is material misrepresentation in the Application, Supplement or Medical Exam, or if death is by suicide. Liability Limits — No insurance provided under this Agreement will continue longer than 60 days from the effective date. In no event will we be hable under this Agreement for an amount, including insurance now in force or pending issue with us, in excess of $100,000 in life insurance and $75,000 in accidental death benefits.
⅜ ⅞: ⅜ ⅜ ⅜ ¾:
Insurable Risk — A person who, according to our underwriting rules and practices:
A. Is eligible for the insurance exactly as applied for; or
B. Is eligible for reduced or modified insurance.
IsAny other person is not an insurable risk and is not insured under this Agreement.
* * * * * *
If Insurance is Not Effective — We will refund any deposit or portion thereof made for proposed insurance which does not become effective.
[Emphasis in the original.]
Plaintiff argues that this Agreement provides temporary insurance to the applicant pending a determination of insurability by the insurance company. Plaintiff argues that if the applicant dies prior to acceptance or rejection of the application for insurance, such as the case here, the insurance company is bound by the limits of liability stated in the policy regardless of whether the applicant is subsequently determined to be insurable. Conversely, Paul Revere contends that the Agreement as written does not constitute a policy of insurance, and no insurance is provided under the agreement where the applicant is subsequently determined to be unin-surable, even where the applicant dies prior to the acceptance or rejection of the application.
In granting insurance coverage in this case, the trial court found that Patrick Welsh was an “insurable risk” under section B of its definition as stated in the Agreement. The trial court relied on the uncontested facts that Patrick Welsh was already insured by Paul Revere for disability coverage at the time he submitted his application for life insurance, and that Patrick Welsh was inadvertently sent a solicitation letter by Paul Revere subsequent to his death offering him insurance at lower liability limits. Therefore, the trial court concluded, Welsh was “eligible for reduced or modified insurance” as provided in section B, and was therefore an “insurable risk” for the purposes of determining coverage under that agreement.
UWe have carefully reviewed the language contained in the disputed Agreement, and find it unnecessary for the purposes of resolution of plaintiffs motion to make a determination of whether Patrick Welsh was an “insurable risk” at the time he completed his application. Our interpretation of the Agreement as it is written is that the document given to the Welshes upon submission of their application can be reasonably construed to provide insurance benefits to plaintiff to the limits of liability stated therein without a determination of whether the applicant was an insurable risk. We will therefore preter-mit the issue of whether Patrick Welsh was an “insurable risk” under the terms of the Agreement and leave that matter for a resolution after trial on the merits.
Pretermitting the issue of whether applicant was an insurable risk at the time he completed the application for insurance, we find based on the particular circumstances of this case, that plaintiff is entitled to recovery of $100,000 in insurance benefits under the terms of the Agreement as a matter of law.
Contracts have the effect of law between the parties. La.C.C. art. 1983. Interpretation of a contract is the determination of the common intent of the parties. La.C.C. art. 2045. When the words of a contract are clear and unambiguous, no further interpretation may be made of the parties’ intent. La.C.C. art. 2046. Whether a contract is ambiguous or not is a question of law. McCrory v. Terminix Service, Co., Inc., 609 So.2d 883 (La.App. 4th Cir.1992). When a contract is to be interpreted by the court as a matter of law, a motion for summary judgment is the proper procedural vehicle to present the question to the court. Id,., 609 *145 So.2d at 886. Appellate review of the question(s) of law, is simply whether the trial court’s interpretive decision is legally correct. Id.
|7In the present case, the trial court apparently found that the Agreement between the parties as to whether temporary insurance was provided based on the facts of this case was unclear and ambiguous. In light of the ambiguity, the trial court examined the contract to determine the intent of the parties, and concluded that the Receipt and Conditional Insuring Agreement provided insurance coverage in this case to the limit of $100,000.00. In reaching this conclusion, the trial court stated in its reasons for judgment:
This interpretation of the language of the agreement best serves to give effect to the intent of the parties. To the extent that this produces any hardship to the defendant it is pointed out that the document was prepared by defendant and any ambiguity found in the document must be resolved against the drafter and in favor of the insured to provide insurance coverage. Insurance Co. of North America v. Solari Parking, Inc., 370 So.2d 503 ([La.] 1979).
We have carefully reviewed the terms of the Agreement between the parties and find the trial court’s interpretation to be legally correct.
The Agreement between the parties constitutes a binder pursuant to the terms of LSA-R.S. 22:631 which provides that binders are used to bind insurance temporarily pending the issuance of the policy. Accordingly, the document clearly provides that the temporary life insurance provided by the Agreement has a limit of liability of $100,000.00, and continues until the insurance company notifies the applicant that the application is accepted. There is no dispute in this case that the application of Patrick Welsh was not accepted prior to his death.
The document further sets forth several instances in which there is no insurance provided by the Agreement; however, the insurance company admits none of these instances are applicable in this ease. Paul Revere contends however that the document clearly indicates that no insurance will be provided | sunless the applicant is determined to be insurable, and in the present case, Patrick Welsh was determined not to be so.
However, although the Agreement provides that each person proposed for coverage must be an “insurable risk” on the date the application was completed, the document does not address the situation where the applicant dies prior to a determination of whether he is an “insurable risk” under the terms of the Agreement. Clearly absent from the document is any language which would notify the applicant that no insurance would be provided if he should die prior to acceptance or rejection of the application, and he was subsequently determined to be uninsured.
We find that the language of the Receipt and Conditional Insuring Agreement entered into in this case can be reasonably construed to provide insurance to the applicant until such time that the insurance company accepts or rejects the application based on its determination of the insurability of the applicant. There is no language in the policy which excludes coverage where the applicant dies in the interim before the policy is accepted or rejected. We find that the document contains specific instances where there is no insurance provided, and if the insurance company intended to exclude coverage in such an instance, such language could have easily been incorporated into the document.
However, absent any clear language in the document that notified the applicant that no insurance would be provided in a situation such as the one presented here, we find such ambiguity in the document must be construed against the insurance company as the drafter of the document. Accordingly, under the terms of the Agreement and as a matter of law, we find that plaintiff is entitled to temporary insurance benefits to the stated limits of liability. We find no error of the trial court in granting plaintiffs motion for summary judgment.
|9CONCLUSION
For the reasons stated herein, the judgment of the trial court rendered in favor of Julie Chavanell Welsh and against the Paul Revere Life Insurance Company in the *146 amount of $100,000.00 plus interest from the date of judicial demand is affirmed. Defendant is to bear all costs of this appeal.

AFFIRMED.