JjLOBRANO, Judge.
This is an appeal from the trial court’s grant of a summary judgment which held that the insurance policy at issue did not afford coverage. There is no serious dispute of material facts in this case, thus summary judgment is the proper procedural mechanism to resolve this insurance interpretation matter. See, Garcia v. Certified Lloyds Ins. Co., 598 So.2d 1278 (La.App. 4th Cir.1992), writ denied 604 So.2d 969.
Inter City Express is in the trucking business. It owns several tractor trucks used to haul import/export containers and trailers. On January 8, 1996, Inter City took possession of a trailer containing Fruit of the Loom underwear and brought it to Inter City’s yard on Old Gentilly Road in eastern New Orleans. The trailer was to be hauled to Vidalia, Louisiana the following morning. The trailer was temporarily hooked-up to an Inter City tractor to check the operation of the lights and brakes. Thereafter, the tractor was unhooked from the trailer and parked alongside. Inter City says this is standard industry procedure so as to alleviate unnecessary weight on the tractor during downtime. When Inter City’s driver, Gerald Horn, arrived the next morning, the trailer and its cargo had been stolen. The trailer was subsequently recovered, but much of its cargo was missing.
winter City filed the instant suit against its insurer, Canal Indemnity Company (Canal), pursuant to a Cargo Liability Policy, seeking recovery for the lost cargo. Canal Indemnity answered, denied coverage and subsequently moved for summary judgment which the court granted. The trial judge reasoned that because the trailer was not a scheduled vehicle on the policy’s Declaration Page and because the Inter City yard was not a scheduled location, the policy’s clear terms precluded coverage. Inter City perfects this appeal arguing that there are material issues of fact regarding the intent of the policy and that the policy’s terms are ambiguous and should be construed against the insurer. For the following reasons, we affirm.
While we recognize that the summary judgment procedure has been recently changed and the rules regarding burdens of proof have been altered, those changes have no particular relevance to this case because there are no disputed material facts. Our task is to interpret the insurance contract in light of those facts to determine if coverage is provided. ‘When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” La. C.C. art. 2046. “The words of a contract must be given their generally prevailing meaning.” La. C.C. art. 2047.
Canal’s policy provides coverage for “loss or damage from any covered causes of loss to covered cargo.” Covered cargo is defined as “cargo of others in transit under a bill of lading, tariff or shipping receipt. The cargo must be on a vehicle or at a location scheduled on the Declarations Page.” The policy describes a scheduled vehicle as one listed on the Declarations Page or “any trailer attached to a scheduled tractor.” Although no trailers are listed on the | .^Declarations Page, six tractors, including the one parked near the stolen trailer, are listed. There are no scheduled locations listed on the Declarations Page.
Although it is undisputed that the trailer was unattached to the trailer at the time of the theft, plaintiff urges that we hold that the trailer was “constructively attached” to the tractor since it was established industry practice of disengaging the trailer to relieve unnecessary weight and for safety concerns. Canal counters with the argument that trailers attached to tractors are more difficult to steal and thus the reason for the requirement of being attached before there is coverage. The clear and unambiguous language of Canal’s policy requires us to look no further than the definition of a scheduled vehicle to reject Inter City’s argument. That definition requires an unscheduled trailer to be attached to a scheduled vehicle in order for its cargo to be covered.
Inter City next argues the language which defines “covered cargo” is ambiguous. Specifically, in the phrase “on a vehicle or at a location scheduled on the Declarations *1023 Page,” Inter City urges that we ignore the disjunctive “or” and conclude that the term “scheduled” qualifies only the word “location” and not “vehicle.” Thus says Inter City, the cargo need only be on a vehicle, and not a scheduled vehicle, in order to be covered. We disagree. First, such an interpretation would ignore normal rules of grammar. Second, it would lead to the absurd result that cargo loaded on any vehicle would be insured once a bill of lading, tariff or shipping receipt were issued, regardless of where the vehicle was located and regardless of whether it was listed on the policy. We hold that the definition of covered cargo requires that the cargo be on a scheduled vehicle or at a scheduled location. And, because the trailer was not attached to a scheduled tractor, it was not a scheduled vehicle and thus its cargo was not covered.
14Inter City next attacks the “scheduled location” requirement for cargo coverage. It argues that inconsistencies within the policy with respect to that term require us to find coverage. Specifically, Inter City says the term is meaningless because it has no locations listed on the Declarations Page and because it is inconsistent with line seven (7) of Section C entitled “Cargo Not Covered.” We disagree.
First, the fact that Inter City chose not to designate any location on the Declarations Page as a “scheduled location” does not negate the insuring agreement’s definition of “covered cargo.” That was Inter City’s choice when it purchased the policy. Second, we find no inconsistencies within the policy which would require additional evidence and/or a trial on the merits to interpret the term “covered cargo.”
Line eight (8) of Section C says that cargo at a location not scheduled on the Declarations Page is not covered. That is entirely consistent with the definition of “covered cargo” although perhaps, superfluous. Line seven (7) of Section C provides that “[cjargo on a vehicle at a terminal, garage or depot for more than seventy-two hours (excluding Sundays and holidays) from the time the vehicle arrives at the terminal, garage or depot” is not covered. Inter City attempts to say that because that exclusion has no reference to whether or not the vehicle need be a scheduled vehicle, then it is inconsistent with the “covered cargo” definition. We disagree. The exclusion simply means that cargo which remains at any terminal, garage or depot, even if initially covered under the policy terms, will no longer be covered after seventy-two hours. We find nothing offensive or inconsistent with that provision.
Linter City further suggests that because the policy is silent as to periods less ..than seventy-two hours, ambiguity exists with respect to what is and what is not covered under the insuring clause. Again, we find no ambiguity. A reading of the various provisions simply means that cargo is insured if it is on a scheduled vehicle or a trailer attached to a scheduled vehicle or at a location scheduled on the declarations page. And, coverage, if it existed, will cease if the cargo is left at a terminal, garage or depot for more than seventy-two hours. It would make no sense for us to reform the policy to say that cargo left at a terminal or garage less than seventy-two hours is covered, regardless of the policy definition of “covered cargo.” Such a reformation would surely be inconsistent with the definition of “covered cargo” and create ambiguity where none exists.
For these reasons, the trial court judgment is affirmed.
AFFIRMED.