787 So.2d 350 (2001)
Sandra Watkins TERRICK, Individually and as Natural Tutrix of Summer Watkins, Odessa Watkins Crouch, Wife of the Decedent Alexander Crouch, Individually and as Natural Tutrix of Jacqueline Watkins, Sallie B. Crouch, et al.
v.
STATE of Louisiana Through the DEPARTMENT OF CULTURE, RECREATION AND TOURISM, the City of New Orleans, New Orleans City Park Amusement, Inc., ABC Paddle Boat Company and XYZ Insurance Company.
No. 2000-CA-0822.
Court of Appeal of Louisiana, Fourth Circuit.
March 21, 2001.
*351 Gerald P. Webre, Metairie, Thomas A. Gennusa, II, Gina A. Gennusa, The Law Offices of Thomas A. Gennusa, II, Metairie, Counsel for Plaintiffs/Appellants.
David M. Latham, Jan T. Van Loon, Brook, Van Loon & Latham, L.L.P., New Orleans, Counsel for Defendant/Appellee.
Court composed of Judge DENNIS R. BAGNERIS Sr., Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY.
KIRBY, J.
Sandy Terrick and Willie Watkins appeal the Judgment of the trial court, which denied their Motion to Set Matter for Trial and their Partial Motion to Vacate. We affirm the trial court.

STATEMENT OF THE CASE
On September 24, 1993, Plaintiffs-Appellants initiated this action seeking damages for injuries resulting from a tragic paddle boat accident which occurred in the *352 New Orleans City Park lagoon adjacent to Marconi Meadows. Parties to the original petition included Plaintiffs Sandra Watkins Terrick, Individually and as Natural Tutrix of Summer Watkins, Odessa Watkins Crouch, wife of the decedent, Alexander Crouch, Individually and as Natural Tutrix of Jacqueline Watkins, Alexander Hutchinson, son of decedent Alexander Crouch, Lovie Modene Osborn, as Natural Tutrix of Decharo Olinta Osburn, daughter of decedent, and Alphonse Crouch. Defendants-Appellees are the State of Louisiana through the Department of Culture, Recreation and Tourism, the City of New Orleans, New Orleans City Park Amusement, Inc., ABC Paddle Boat Company and XYZ Insurance Company. Plaintiffs filed a "First Supplemental and Amending Petition" on February 17, 1994, deleting defendant Department of Culture, Recreation and Tourism from the caption of the lawsuit and naming as defendant New Orleans City Park Improvement Association. On June 30, 1994, Plaintiffs filed a "Second Supplemental and Amending Petition" to add as Plaintiffs Sandy Terrick, through her Natural Tutrix Sandra Watkins Terrick, James Crouch, brother of the decedent Alexander Crouch, Henry Crouch, brother of the decedent Alexander Crouch, and Willie Watkins, grandmother of Summer Watkins.
Prior to trial on the merits, the parties agreed to a settlement of the litigation. The basic provisions of the settlement were placed on the record before the Honorable Gerald P. Fedoroff on November 28, 1994. Plaintiffs counsel prepared a first draft of a consent judgment, and on February 3, 1995, he forwarded the draft to counsel for Defendants. The Consent Judgment was to reflect the terms and conditions placed on the record in the trial court on November 28, 1994. The Consent Judgment was rendered, signed and read into the record on February 24, 1995. Thereafter, a "Receipt, Release and Indemnification Agreement" was executed by the parties and duly notarized on June 16, 1995, in which Plaintiffs directed and authorized their attorneys of record to enter a satisfaction of judgment whereby the Consent Judgment was to be noted as fully paid, satisfied, fulfilled and released of record. On October 1, 1995, Plaintiffs executed a "Satisfaction of Judgment" acknowledging that the Consent Judgment had been fully satisfied and paid by the Defendants.
On or about June 26, 1998, Plaintiffs filed a Partial Motion to Vacate Judgment Dismissing Case on the Grounds of Nullity ("Partial Motion to Vacate"). In their Partial Motion to Vacate, Plaintiffs acknowledged Defendants' settlement with Summer A. Watkins, Jacqueline N. Watkins, Decharo Olinta Osborne, Alexander Hutchinson, Sandra Watkins Terrick, Odessa Watkins Crouch, Alphonse Crouch, James Crouch and Henry Crouch and stated that they executed "in error" a Motion to Dismiss all claims of all Plaintiffs. Plaintiffs requested that the matter be set for trial on the merits to dispose of the claims of all the unspecified Plaintiffs whose claims had not been settled.
Defendants opposed the Plaintiffs' Partial Motion to Vacate, on the grounds that the Consent Judgment was a final judgment, the validity of which could only be challenged within the framework of Louisiana law. The procedural law sets forth a one year peremptive period to bring the action of nullity on the grounds of fraud or ill practice. Thus, Plaintiffs' challenge to the Consent Judgment was untimely. Defendants also contended that the parties contemplated a full and final settlement of all claims raised by all parties to the litigation, as reflected by the Consent Judgment and the circumstances surrounding the execution of the Consent Judgment, as well *353 as the Receipt, Release and Indemnification and Satisfaction of Judgment executed by the Plaintiffs and their counsel.
By Judgment dated June 7, 1999, the trial court denied the Plaintiffs' Partial Motion to Vacate, thereby refusing to vacate or nullify the Consent Judgment. Plaintiffs filed a motion for new trial, which was also denied by judgment dated January 12, 2000. Plaintiffs Sandy Terrick and Willie Watkins now seek relief in this Court.

ASSIGNMENT OF ERROR
The trial court erred when it denied plaintiffs' Motion to Vacate and Motion for New Trial because the Consent Judgment allegedly did not settle all claims.

STATEMENT OF THE LAW
At the crux of this dispute is the interpretation of the Consent Judgment, the Receipt, Release and Indemnification Agreement and the Satisfaction of Judgment.
In interpreting contracts, we are guided by the general rules contained in La. C.C. arts 2045-2057. Subject to the limits imposed by law, parties are free to contract as they choose. Zeigler v. Pleasant Manor Nursing Home, 600 So.2d 819, 822 (La.App. 3 Cir.1992). The cardinal rule, as set forth in La. C.C. art.2045, is: "Interpretation of a contract is the determination of the common intent of the parties." See Amend v. McCabe, 95-0316, p. 7 (La.12/1/95); 664 So.2d 1183, 1187; McCrory v. Terminix Service Co. Inc., 609 So.2d 883, 885 (La.App. 4 Cir.1992). When they are clear and explicit, no further interpretation may be made in search of the parties' intent. Amend, 95-0316 at p. 7, 664 So.2d at 1187; McCrory, 609 So.2d at 885.
Although Judge Fedoroff assigned no written reasons for judgment, we feel the language of these contracts[1] speaks for themselves. The query is whether these contracts were intended to terminate the litigation at hand.
The Receipt, Release and Indemnification Agreement is very demonstrative of the fact that the intent of the parties was for this agreement to terminate the litigation, to wit:
6. Indemnification of the State of Louisiana. In further consideration of the Cash Payments and Deferred Fund Payment, the Plaintiffs, severally and jointly agree to defend, protect, indemnify and hold harmless the Defendant, State of Louisiana, from and against every claim, demand, loss and expense of every kind, including but not limited to, reasonable attorney's fees, costs and expenses which may be asserted by Benson, Incorporated and/or the estate of any of the Crouch beneficiaries or heirs as a result of any claims of the Plaintiffs. Further, the Plaintiffs, respectively and each of them individually, agree to defend, protect, indemnify and hold harmless, the State of Louisiana from and against any and every claim, demand, loss and expense of every kind, including but not limited to, reasonable attorney's fees, costs and expenses which may be asserted by anyone as a result of the incident forming the basis for the Litigation. (Emphasis added.)
Receipt, Release and Indemnification Agreement, Paragraph 6.
It is inconceivable to us how this language could be interpreted in any other *354 way than that of the trial court, which viewed the contract as terminating this litigation. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046. "The words of a contract must be given their generally prevailing meaning." La. C.C. art. 2047. See also Inter City Express v. Canal Indemnity Company, 97-2022, p. 2 (La. App. 4 Cir. 3/18/98), 709 So.2d 1021, 1022. The Receipt, Release and Indemnification Agreement was signed by Plaintiffs' counsel.
The Consent Judgment, which was prepared and signed by Plaintiffs counsel, also indicates an intent to end litigation with said agreements. It goes into great detail about how the sums of money will be paid and when, but at the same time, it does state in its caption, Sandra Watkins Terrick, et al. and the official case number. The et al. is the abbreviation of et alii, which means "and others." This abbreviation is used to quickly refer to every plaintiff included in the original or supplemental petition(s). In this case Sandy Terrick and Willie Watkins were made Plaintiffs via the Second Supplemental and Amending Petition. Thus, the Plaintiffs-Appellants, Sandy Terrick and Willie Watkins, are included in this Consent Judgment by way of the abbreviation and case number. The fact that they did not receive any money is not indicative of any intent to exclude their claims. This is supported by the fact that there are a total of four (4) Plaintiffs who receive no monetary damages, i.e. Sandy Terrick, Willie Watkins, Sallie B. Crouch, Lovie Modene Osburn.
The Satisfaction of Judgment states that the Consent Judgment has now been fully satisfied and paid by the Defendant. It also states:
... satisfaction of the Consent Judgment is hereby acknowledged and the Clerk of Civil District Court for the Parish of Orleans is hereby authorized by the Plaintiffs, by and through their respective undersigned counsel of record to mark the docket satisfied in this matter and to otherwise, cancel and discharge the Consent Judgment. (Emphasis added.)

SATISFACTION OF JUDGMENT
This judgment has the signature of Plaintiffs' Counsel as well.
In the Trial Court Transcript on the Motion to Enter and Approve the Consent Judgment, Plaintiffs' Counsel states: Plaintiffs' Counsel:
... All plaintiffs will hold harmless the State of Louisiana and City Park against any claims brought by ... the Estate of any of the Crouch beneficiaries or heirs.
Plaintiffs' counsel argues that he placed his signature in error on all of these documents. La.C.C. Art.1949 is the law on when error vitiates consent. Comment (d), which deals with the granting of relief in such cases, gives us some guidelines. Our first question is whether this was unilateral or bilateral error. To answer this question we look to the principal cause of the State of Louisiana to enter this settlement. From the record and oral argument we conclude this was a unilateral error because the principal cause for the State was to settle and terminate this litigation. Whether an aunt or cousin of the deceased got money was not a principal cause for them to enter these contracts.
The fact that plaintiffs' counsel was in error alone may theoretically imply there was no meeting of the minds, but granting relief to plaintiffs' counsel will unjustly injure the interest of the State. Louisiana courts have often refused relief *355 for unilateral error for this reason. Hello World Broadcasting Corp. v. International Broadcasting Corp., 186 La. 589, 173 So. 115 (1937); Scoggin v. Bagley, 368 So.2d 763 (La.App. 2 Cir.1979).
Thus, although there may have been an error on the part of the Plaintiffs, it was unilateral error. To void the Consent Judgment, Receipt, Release and Indemnification Agreement and the Satisfaction of Judgment would unjustly injure the interest of the State who has already exhausted time and energy in settling and bringing this litigation to a just end. We affirm the trial court's denial of the Motion to Vacate and Motion for New Trial because we believe, as the trial court did, that the intent of the parties in their contracts was to bring this litigation to an end.
AFFIRMED.
NOTES
[1] We refer to the Consent Judgment, the Receipt, Release and Indemnification Agreement and the Satisfaction of Judgment.